WELTON v. TIZZARD *et al.*

1. MISTAKE IN MORTGAGE AND JUDGMENT LIEN. The lien of the subsequent judgment creditor, in this State, is not paramount to the lien or equity of a prior mortgagee, as to lands intended to be mortgaged, but which, by accident or mistake, were misdescribed.

*Appeal from Des Moines District Court.*

MONDAY, APRIL 4.

EQUITY. Bill to correct mistake, and postpone judgment lien.

It is averred in the petition, in substance, as follows:

On the 20th day of March, 1860, the defendant Tizzard, was indebted to the plaintiff, in the sum of $500, and

owning lot 2, and the south two-thirds of lot 3 in block 969, in the city of Burlington, agreed to secure the plaintiff by a deed of trust thereon. In pursuance of this agreement, Tizzard and wife did, on the 20th of March, 1860, execute for the plaintiff's benefit, a deed of trust, but by mistake the instrument did not contain a correct description of the property, but instead thereof a mistaken description, as follows: "Lot one, (1) and the south two-thirds of lot 2 in block 969," &c., whereby the instrument was made to cover lot 1, which Tizzard did not own. This deed of trust was duly acknowledged, and recorded, March 29, 1860.

Afterwards, viz., January 23, 1861, the defendant, Worrell, obtained a judgment against Tizzard, but no sale was ever had thereunder.

A *fi. fa.* being issued and levied on certain portions of this property, the plaintiff filed this, his petition in equity, setting forth the above facts, and praying,

1st. For a correction of the mistake in the description contained in his deed of trust; and 2d, That the same be declared a lien paramount to the judgment of Worrell.

The defendant Worrell, (he alone defending), demurred to the petition, for want of equity. This demurrer was sustained, and the plaintiff appeals.

*J. C. & B. J. Hall* for the appellant, cited the following authorities: *Bell* v. *Evans et al.*, 10 Iowa, 353; *Norton, Jewett & Busby* v. *Williams*, 9 Id., 528; *Seevers* v. *Delashmutt*, 11 Id., 174; *Gouverneur* v. *Titus*, 6 Paige, 347; *Jones* v. *Jones*, 13 Iowa, 280; *Kiersted* v. *Avery*, 4 Paige, 15; *In the matter of Howe*, 1 Id., 125.

*David Rorer* for the appellee, Worrell, reviewed the authorities cited by the counsel for the appellant.

DILLON, J.—The question here presented may be concisely stated thus: Is the lien of a subsequent judgment creditor, in this State, paramount to the lien or equity of a prior mortgagee, as to lands intended to be mortgaged, but which, by accident or mistake, were misdescribed?

The general equitable jurisdiction to correct and relieve against errors and mistakes in deeds and other conveyances is not questioned, and is, indeed, recognized by statute. Rev., § 2257. The former decisions of this Court establish principles which, though arising in cases somewhat different from the present one, are, nevertheless, decisive of it. In *Norton* v. *Williams*, 9 Iowa, 529, it was adjudged, under our present laws, that an attachment or judgment lien would not have preference over a prior unrecorded deed. The statute makes "judgments a lien upon the real estate *owned* by the defendant." Construing this provision, WRIGHT, Ch. J., in the case just cited, remarks: "It is the property of the *debtor* that is bound. The judgment is a lien on the real estate owned by the *debtor*, not upon that owned by another, * * * and the lien only extends to the interest owned by the defendant. * * * The consequence is, that a judgment creditor is entitled to the same rights as the *debtor* had, and no more." The doctrine of this case was adhered to and applied in the subsequent cases of *Bell* v. *Evans et al.*, 10 Iowa, 353; *Seevers* v. *Delashmutt*, 11 Id., 174; and see *Jones* v. *Jones*, 13 Id., 276; *Blaney* v. *Hanks*, 14 Id., 401; *Patterson* v. *Linder et al.*, Id., 414.

In these cases, the unrecorded deed was for the right land; in the case at bar the conveyance was intended to be for the right land, but by accident or mistake there was a misdescription, and the inquiry is, ought this to lead to a different result?

In maintaining that it ought, the learned counsel for the defendant sums up this case with 'great force, as follows: "Two creditors of a common debtor both attempt to get a

lien in a manner valid in law. One gets it, and the other don't. The latter claims to be substituted to priority, merely because he intended to get it." Taking the whole petition together, while the point is not very clear, we should infer that the deed of trust was made to secure a debt created at the time, and not a pre-existing one. But this is not, in the view we take of it, material.

If we should admit the premises of the counsel, viz., that the plaintiff intended to get a lien, but did not, his conclusion would be legitimate, if not inevitable.

Now let us look at this case on principle, before looking at the adjudged cases, for precedents. We can best do this by contrasting the situation and the rights of the two parties. The plaintiff is confessedly first in point of time. His is the elder right. The debtor, for a valid consideration, agreed to execute a mortgage (for the deed of trust may, for the purposes of this suit, and for the convenience sake, be so called), on lands which he owned, not on lands which he did not own. That is, he agreed, and undertook, though defectively in the eyes of a court of law, to bind these lands of his, to set them apart, specifically to appropriate them to the plaintiff. Now, in equity, he did thus bind, appropriate, and set them apart. Therefore, in equity, which deems as done that which the party has agreed to do, the plaintiff had not only a mortgage, but a mortgage on the right land—on the land intended. In equity, the plaintiff did not, as contended, simply attempt to get a lien, but he actually secured a lien on the parcels designed to be conveyed to him; and not a lien, merely, but his rights were such that he is regarded by the decisions of this Court, as he would be regarded by the decisions of the other courts, in the light of a purchaser. *Porter et al.* v. *Green et al.*, 4 Iowa, 571; 11 Id., 174. The debtor was bound in conscience to correct the mistake. His obligation to correct it was such an equity as would bind his heirs, voluntary grantees, or pur-

chasers with notice. Such are the plaintiff's rights. Now, the defendant is subsequent in point of time. He has no specific lien. He takes just what the statute gives him, for judgment liens are wholly created, and regulated by statute. Unlike the plaintiff, he had with the debtor no agreement for a lien on this property. Unlike the plaintiff, also, he has no special tie which binds, no equity which specially fastens itself upon, and clasps this specific property. He has a lien at large, a mere right to acquire a right to this property, by a levy and sale. His rights, before a sale without notice, are, as stated by Judge WRIGHT in the opinion before quoted, co-extensive only with those of his debtor. He comes in under the debtor, that is, under one who in conscience is bound, and who in equity would be compelled to rectify the error in the antecedent conveyance. The equities of the parties are not equal, either in point of time, or point of right. Such would be our conclusion on the general principles of the law as applied to the case in hand. It remains to inquire, whether this conclusion is supported by, or whether it is in conflict with, similar cases which have passed into judgment.

We have extended our examination of the authorities beyond the range indicated by counsel, and have found no case, under a statute at all similar to ours, which militated against, while, on the other hand, we found many which accorded with, the conclusion we have reached. In *Burgh* v. *Francis*, 1 Eq. Cas. Abr., 320, pl. 1, (*apud*, 1 P. Wms. 278), it was decreed by Lord Keeper BRIDGMAN, and affirmed by Lord Chancellor NOTTINGHAM, where there was a defective mortgage, it being made by way of feoffment, without livery, and after this the mortgagor confessed judgment to a third person, nevertheless the estate being in equity specifically bound by the mortgage, the latter had preference over the judgment. See also *Finch* v. *Earl of Winchelsea*, 1 P. Wms., 278. These cases were followed by *Burn* v. *Burn*, 3 Vesey, 582, where even an agreement for a mortgage was

held by Lord ROSSLYN, to give a specific lien over other creditors. These cases have been followed in this country, without dissent. Thus Chancellor KENT, in *Gillespie* v. *Moon*, 2 John. Ch., 585–600, *in argu.*, says: "Defects in mortgages, contrary to the intention of the parties, have also been made good against subsequent judgment creditors, coming in under the party who was bound in conscience to correct the mistake," citing, among other authorities, the above. The New York cases are numerous and uniform, to the effect that the general lien of a judgment upon the real estate of the debtor is subject to the equities of third persons existing against such real estate, at the date of the rendition of the judgment, and chancery will restrain and control the lien accordingly. *Buchan* v. *Sumner*, 2 Barb. Ch., 165; Id., 368; *Matter of Howe*, 1 Paige, 125; 2 Id., 217; *Kiersted* v. *Avery*, 4 Paige, 9; *Gouverneur* v. *Titus*, 1 Edw. Ch., 477, affirmed on appeal, 6 Paige, 347. To the same effect: *Bank, &c.* v. *Carpenter*, 7 Ohio, 21, 69; *Manley* v. *Hunt*, 1 Id., 227; *Lake* v. *Doud*, 10 Id., 415; *Barr* v. *Hatch*, 3 Id., 527; *Delaire* v. *Keenan*, 3 Desauss., 74; *Walker* v. *Gilbert*, 1 Freem. Ch. R., 85, 96; *Jenkins* v. *Bodley*, 1 S. & M. Ch. R., 338; *Morton* v. *Robards*, 4 Dana, 258; *Dunlop* v. *Burnett*, 5 S. & M., 702.

*White* v. *Wilson*, 6 Blackf., 448, is in all respects like the case at bar. A tract of land intended by the parties to be included in the mortgage was by mistake omitted, and afterwards judgment was rendered against the mortgagor. The mortgage was corrected, and its priority over the judgment established.

Because the demurrer in the present case was sustained, when, in the opinion of this Court it should have been overruled, the judgment below is reversed, and this cause will be remitted to the District Court, with leave to the defendant to answer to the petition, if he is so advised.

Reversed.