John H. Hoyt, Plaintiff in Error, *vs.* Thos. E. Oliver, *et al.*, Defendants in Error.

1. *Deed—Bill to reform—Wife's inchoate dower—Demurrer—Voluntary deed.—* Suit being brought to correct mistakes in a deed of trust made to secure certain notes given previously; *held*, 1st. The husband being the owner of the land, the wife need not be joined as a party. Her inchoate right of dower is not such an interest as will require such joinder; 2nd. The deed being no part of the petition, could not be objected to by demurrer; 3rd. The deed was not a voluntary one which a court of equity would take notice of.

*Error to Livingston Circuit Court.*

*Collier & Mansur*, for Plaintiff in Error.

I. The note and deed were virtually one transaction.

II. The deed cannot be considered on demurrer. If it could, the want of seal cannot; but must be taken advantage of by answer. (Smith vs. Hart, 1 Mo., 274.)

III. An inchoate right of dower does not require the wife's joinder.

*John E. Wait*, for Defendants in Error.

I. The notes were made and accepted weeks before date of the deed of trust and formed no consideration for the deed; and being voluntary, it cannot be reformed and thereby divest the wife's dower, without giving her a day in court.

II. The deed had no seal; and a court of equity being invoked to reform the instrument will take cognizance of this fact.

Sherwood, Judge, delivered the opinion of the court.

This proceeding was instituted to correct a mistake made in a certain deed of trust by which Messer, who was to have been named therein, as *cestui que trust*, was named as trustee, and Russell, who was to have been named therein as trustee, was named as *cestui que trust*.

The petition alleges in substance, that Oliver being indebted to Messer, had executed to him a promissory note for $600, on the 4th day of April, 1870; and, being the owner

of certain real estate, ten days after, for the purpose of securing the debt, executed the deed referred to, but that by mistake of the scrivener, the intention of the parties was frustrated in the manner above set forth.   A prayer is then made for the reformation of the deed, etc., etc.

Prior to suit brought, the note, to secure which the deed of trust was given, was assigned to plaintiff.

1. There was no necessity to make the wife of Oliver a party to the suit. The petition shows that he was the owner of the property and, as a matter of course, the only possible interest which the wife could possess, was an inchoate right of dower. (Riddick vs. Walsh, 15 Mo., 519.)

2. The deed of trust constituted no part of the petition ; and therefore no objection could be raised to that deed in the manner attempted.

3. The rule is a familiar one, in reference to the powers which courts of equity exercise for the reformation of instruments in conformity to the intention of the parties thereto.    (1 Sto. Eq. Jur., § 152, *et seq.*)    And while it is true that courts of equity will not rectify a voluntary deed, unless all the parties thereto consent ; (*Ib.*, § 164c) yet the one under consideration cannot be thus regarded, as the existing indebtedness of the grantor, was a valuable and sufficient consideration for making the deed to secure such indebtedness.

I have now briefly noticed the grounds specified by the demurrer ; and have no hesitation in holding the petition, though very inartificially drawn, as sufficient.

It follows that the ruling of the court below was erroneous; and its judgment must be reversed and the cause remanded ; all the judges concur.