[No. 7,295.—Department One.]

## ISABELLA M. KENNEDY v. KATE DUNN et al.

SALE BY TRUSTEE UNDER A DEED OF TRUST—NOTICE—PRESENCE OF TRUSTEE—SPECIFICATIONS—AUCTIONEER—PURCHASE BY TRUSTEE—INADEQUACY OF CONSIDERATION.—In an action to vacate a sale made under a deed of trust:

*Held*, 1. That the notice of the sale conformed to the requirements of the power and was duly given. 2. That the objection that the trustee was not present at the sale—in the absence of a specification calling in question a finding to that effect—could not be considered; that it was permissible for the trustee to avail herself of the services of an auctioneer in making the sale. 3. That in view of the fact that the trustee was one of the *cestuis que trustent*, who were authorized by the deed to purchase, it was no objection that the sale was made to her attorney for the benefit of the *cestuis que trustent*. 4. That the evidence sustained the finding that the plaintiff was not misled or deceived by the trustee as to the time of sale. 5. That inadequacy of price will not alone vitiate a sale, and that, if it would, the inadequacy in this case was occasioned by the willful and wrongful act of the plaintiff.

APPEAL from a judgment for the defendants in the Twentieth District Court, County of Santa Clara, and from an order denying a new trial in the Superior Court of the same county. BELDEN, J.

The notice appearing in the transcript (which is otherwise in accordance with the terms of the deed of trust), referred to the deed as dated " May 17th, 1878 ;" the true date was " May 17th, 1877." The Court found that before the day of sale overtures had been made by the plaintiff through her attorneys for a settlement of the claim, but that no agreement had been made for a postponement, and that the defendants' attorney, in answer to a telegram from the plaintiff's attorneys inquiring if the sale would take place as advertised, informed them that it would, but that the plaintiff's attorneys without any authority from the defendants informed the plaintiff that the sale would be postponed. The Court also found that the sale was for three hundred and fifty dollars, and that the value of the property sold was one thousand five hundred dollars.

*W. C. Kennedy*, for Appellant.

*W. L. Lovell*, for Respondents.

ROSS, J.:

The principal purpose of this action is to obtain a decree vacating a sale made under a deed of trust given by the plaintiff to secure certain moneys loaned to her by the defendant Dunn.

On behalf of the plaintiff, who is the appellant here, several points are relied on as entitling her to the relief demanded. First, it is claimed that no sufficient notice of the sale was given; second, that the trustee was not present at the sale; third, that the trustee bought at the sale; fourth, that the plaintiff was misled and deceived by the trustee as to the time of the sale; and fifth and lastly, that the property was sold at a grossly inadequate price.

Looking at the record, we do not find any of the points made, there sustained.

1. It appears that the notice of sale conformed to the requirements of the power, and was duly given. This was sufficient. (2 Perry on Trusts, § 602, q and r; Civ. Code, § 2258; Perry on Trusts, §§ 780–2; Jones on Mortgages, vol. ii, § 1854; *Model Lodging House Assoc.* v. *City of Boston,* 114 Mass. 133.)

2. The Court expressly finds that the trustee *was* present at the sale, and there is no specification calling in question that finding. It was permissible for the trustee to avail herself of the services of an auctioneer in making the sale. (*Fogarty* v. *Sawyer,* 23 Cal. 570; *Gillespie* v. *Smith,* 29 Ill. 473; *Hawley* v. *James,* 5 Paige, 478; *Cranston* v. *Crane,* 97 Mass. 459.)

3. The trustee was also one of the *cestuis que trustent.* The record shows that the trustee sold to one Malone for the benefit of the *cestuis que trustent,* which the deed itself expressly authorized. (2 Perry on Trusts, § 6022; 2 Jones on Mortgages, § 1892; *Griffin* v. *Marine Company,* 52 Ill. 130.)

4. The Court found, from evidence which sustained the finding, that the plaintiff was not misled or deceived by the trustee as to the time of sale.

5. It is a familiar rule that inadequacy of price alone will not vitiate a sale. And if it would, it would not lie in the

mouth of one whose willful and wrongful act causes the inadequacy, to complain of it.    The Court below found that "at the time of the sale Edward Kennedy, who was then present and who was acting as the representative of plaintiff, forbade the sale, announced that the trust deed was invalid and worthless, and that any party purchasing would take nothing by the sale."

We remark, in conclusion, that the circumstances detailed in the findings, and elsewhere appearing in the record, do not appeal very strongly to the conscience of the chancellor in favor of the *plaintiff.*

. Judgment and order affirmed.

McKINSTRY, J., concurred.

McKEE, J., concurred in the judgment.