[No. 7,827.   Department One. — May 27, 1884.]

## DENNIS REDMAN, RESPONDENT, *v.* THOMAS F. PURRINGTON ET AL., APPELLANTS.

ASSIGNMENT OF NOTE SECURED BY MORTGAGE. — Where several notes are secured by mortgage, and the holder sells and assigns the one last payable, expressly agreeing that the assignment should carry with it a *pro rata* interest in the mortgage, such agreement is binding upon a subsequent purchaser of the other notes with an assignment of the whole mortgage, who had knowledge of the sale and assignment previously made, but not of the agreement respecting the interest in the mortgage.

MORTGAGE — DEFAULT IN PAYMENT OF INTEREST — STIPULATION THAT PRINCIPAL SHALL BE DUE — ASSIGNEE'S RIGHTS. — A covenant in a mortgage, that in case of default in the payment of either principal or interest then the whole sum of principal and interest shall become due at the option of the mortgagee, inures to the benefit of the assignee of the mortgagee.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.

O. P. Sutton, one of the defendants, agreed to sell certain real estate to defendant Purrington, who executed the notes

referred to in the opinion in pursuance of the agreement. The notes were all secured by a mortgage. Sutton sold the $3,000 note, the one last payable, to plaintiff, and subsequently sold the other two notes to one Kenyon, and executed a written assignment of the notes and mortgage to Kenyon. Sutton made no written assignment of the mortgage, or any part thereof, to plaintiff when he bought the $3,000 note, but agreed with plaintiff that he should have the full benefit of the mortgage as security for the note. Sutton informed Kenyon at the time of the sale of the two $1,000 notes, that he had sold the $3,000 note.

The remaining facts are stated in the opinion of the court.

*William D. Bliss*, for Appellants.

*E. S. Lippitt*, and *Wm. B. Haskell*, for Respondent.

Ross, J. — Four several promissory notes, together with a mortgage to secure their payment, were executed by T. F. Purrington to one Sutton. One of the notes was for $1,500, payable three months after date, another was for $1,000, payable one year after date, another was for $1,000, payable two years after date, and the fourth was for $3,000, payable three years after date. The $1,500 note was paid. The $3,000 note was sold and assigned by Sutton to plaintiff for value — he (Sutton) retaining the $1,000 notes. In the absence of any special agreement to the contrary, the assignment, under such circumstances, of the $3,000 note, would have carried with it a *pro rata* interest in the security. (*Grattan* v. *Wiggins*, 23 Cal. 30; Jones on Mortgages, § 822.) But in this case the finding is that it was expressly agreed between Sutton and the plaintiff that the assignment of the $3,000 note *should* carry with it a *pro rata* interest in the mortgage; and of the fact of the assignment of the $3,000 note, Kenyon was aware at the time of his subsequent purchase from Sutton, of the two $1,000 notes.

The mortgage contained the covenant: "In case default be made in the payment of either principal or any installment of interest, as provided, then the whole sum of principal and interest shall be due at the option of the party of the second part

(the mortgagee), and suit of foreclosure may be brought imme-- diately." This covenant inured to the benefit of the assignees. of the mortgagee, and as the interest upon the $3,000 note was not paid as provided, and the plaintiff thereupon elected to con-- sider the principal sum as well as interest due, the suit was well: brought. Other points made do not require special notice. We think the judgment right.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.

Hearing in Bank denied.