[No. 13923.    Department One. — January 25, 1892.]

## HENRY SEEGELKEN, APPELLANT, v. NOAH COREY, RESPONDENT.

EJECTMENT — CROSS-COMPLAINT — REFORMATION OF DEED — AGREEMENT TO CONVEY — MUTUAL MISTAKE — CONVEYANCE WITHOUT CONSIDERATION. — A cross-complaint in an action of ejectment which prays for a reformation of a deed from the plaintiff's grantor to the defendant, relied upon for recovery in the action so as to make it include the land sued for, and which alleges, substantially, that it was the mutual understanding and intention of the parties to the deed that the land in controversy should be described in and conveyed by the deed set out, and that the property was conveyed to the plaintiff with knowledge on his part of the defendant's possession, sufficiently avers, as against a general demurrer, an agreement to convey, and that the failure to describe the land in the deed was through a mutual mistake, and is sufficient to support a judgment reforming the deed, and decreeing a conveyance from the plaintiff to the defendant of the land sued for, there being no allegation or proof that there was any consideration for the deed to plaintiff.

ID. — EVIDENCE — DECLARATIONS AND ACTS OF GRANTOR. — Evidence of the declarations and acts of plaintiff's grantor in relation to the land in controversy before he conveyed to the plaintiff is admissible against the plaintiff.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. M. R. Parker, William H. Webb,* and *N. A. Dorn,* for Appellant.

*J. K. Alexander, G. A. Daugherty,* and *M. Smith,* for Respondent.

VANCLIEF, C. — The action is ejectment to recover "lot 4 of section 30, in township 15 south, of range 3 east, M. D. M.," situate in the county of Monterey, the complaint being in the usual form, but not verified.

The answer " denies generally and specifically each and every allegation in the said complaint."

The defendant also filed a cross-complaint, in which he alleged, substantially, the following facts: That on June 17, 1885, Frederick Egan executed to defendant a quitclaim deed for land therein described as follows: " All that part of lot 5 in section 30, of township 15 south, of range 3 east, M. D. M., according to the public land surveys of the United States, which lies to the south and west of a certain ledge of rocks on the easterly side of and running along a ravine which crosses said lot 5 in a direction southeasterly and northwesterly."

This deed was acknowledged and recorded on the day of its execution.

It is then alleged " that the description therein [in the deed] given of the premises intended to be conveyed was erroneous, in this: that a portion of the land intended to have been conveyed by said Egan in said deed lay in lot 4 of the same section, but at the time said deed was made, viz., June 17, 1885, defendant, Corey, was informed and believed, and so it was mutually understood between the said parties thereto, that the land intended to be conveyed all lay in lot 5 of said section 30, as set forth in said deed, and under such belief said Corey accepted said deed, and immediately went into the possession of the land intended to be conveyed, and has, since said June 17, 1885, possessed, owned, and occupied the same, all of which plaintiff herein well knew; that in order to make said deed pass the premises intended to have been conveyed by said Egan, and understood to have been conveyed by said defendant herein (Corey), and to make it conform to the actual intention of the parties, it is necessary that the said description should

be amended so as to read as follows: "All of lot five (5) of section thirty (30), in township fifteen (15) south, range three (3) east, M. D. M., and all that part of lot four (4) of said section 30 which lies to the south and west of a precipitous ledge of rocks, which said precipitous ledge crosses said lot 4 in a direction northwesterly and southeasterly, and lies immediately along the northeasterly side of a gulch or ravine, which said gulch or ravine crosses said lot 4 in a direction southeasterly from where said gulch or ravine intersects the Toro ranch line on the westerly boundary of said lot 4, near where the north and south meridian line on the westerly boundary of said lot 4 intersects the said Toro ranch line; said gulch or ravine, after crossing said lot 4 in a southeasterly direction from above-mentioned point, intersects the corner common to lots 3, 4, 5, and the northeast quarter of the southwest quarter of said section 30, and said precipitous ledge intersects the easterly boundary line of said lot, four thousand three hundred feet, more or less, north of said common corner; that on the nineteenth day of November, 1888, said Egan executed a deed of sale to Henry Seegelken, the plaintiff herein, for lots 3 and 4 of section (above described), by virtue of which deed said Seegelken claims an interest in a portion of the land deeded to defendant by said Egan; that said Henry Seegelken well knew, at the time when said deed was made and delivered to him by said Egan, that said defendant, Corey, was in possession of and claimed all the land in said lot 4 lying south and west of said precipitous ledge hereinbefore described, by virtue of his (Corey's) said deed of June 17, 1885; that defendant herein did not know of said, or any, error in the description of the deed to him of June 17, 1885, until said Seegelken claimed an interest in said land by virtue of his said deed from said Egan."

It is then alleged that upon discovering the error, defendant demanded of plaintiff a deed of the land claimed by defendant as above described, and that plaintiff refused, etc.

The prayer is, that defendant have judgment against the plaintiff, reforming defendant's deed from Egan, and adjudging the defendant to be the owner of the land according to the amended description, and for such other and further relief as shall be just and equitable.

At the instance of plaintiff a jury was called, to which special issues tendered by the cross-complaint were submitted. Upon each of these special issues the jury found for the defendant. The court adopted the verdict, and added findings of its own, all in favor of the defendant, whereupon it was adjudged and decreed that defendant is the owner of all that part of lot 4 lying south of ledge of rocks extending across the same, as per defendant's proposed amendment of the description in his deed from Egan, and that plaintiff convey all his right and title to such part of lot 4 to the defendant within ten days.

The cross-complaint was demurred to generally, and also on special grounds not urged here.

While the cross-complaint is not to be commended as a precedent, I think it sufficient to stand the test of a general demurrer. All the facts necessary to entitle the defendant to the relief sought, not directly stated, are necessarily inferable from those stated. It is contended, however, that no agreement to convey any part of lot 4, nor any mutual mistake, is alleged.

It is alleged, substantially, that it was the mutual understanding and intention of the parties that the land in controversy should be described in and conveyed by the deed set out in the cross-complaint. This seems to be a sufficient averment of an agreement to convey; and if the parties mutually intended to describe the land in that deed, how could it have happened, otherwise than by mutual mistake, that they did not describe it? The mutual intention to describe it negatives the idea that the omission may have resulted from fraud.

The findings are full and explicit upon all the issues, and support the judgment.

There is some conflict in the evidence, but it seems to preponderate considerably in favor of the findings.

The findings show that the defendant is the equitable owner of the land, and that plaintiff took the legal title from Egan with notice of defendant's rights; and there is no allegation nor proof that there was any consideration for the deed from Egan to plaintiff, nor that plaintiff ever made any improvement upon the land.

The court did not err in overruling plaintiff's objection to the testimony of R. Corey as to the declaration and acts of Egan in relation to the land in controversy before he conveyed to plaintiff. (Code Civ. Proc., sec. 1849.)

I think the judgment and order should be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.