E. A. REA, Appellant, v. S. B. WILSON *et al.*, Defendants. KNOXVILLE NATIONAL BANK, CITIZENS NATIONAL BANK AND C. A. GAMBLE, Appellees.

Unrecorded Deeds: MISDESCRIPTION: *Priority over attachment.* An unrecorded mortgage on land, given to secure a pre-existing debt, takes priority over a subsequent attachment, notwithstanding a misdescription of the land in the instrument, since equity regards that done which ought to be done.

CORRECTION OF MISDESCRIPTION: Where a misdescription of the land in a mortgage is corrected by the parties so as to make it cover the land intended to be described, the mortgage lien takes priority over a subsequent attachment, though the correction was not made until after the attachment, since the correction dates back to the time of execution of the original instrument.

CONSIDERATION FOR SUCH MORTGAGE: *Pre-existing debt.* A pre-existing debt is a valuable and sufficient consideration for a mortgage given to secure the debt.

SUBSEQUENT PURCHASER DEFINED: *Attaching creditors.* An attaching creditor is not a subsequent purchaser for value, within

1 Code, section 2925, providing that no instrument affecting
real estate is of validity against subsequent purchaser for a
2 valuable consideration, without notice, unless recorded in the
recorder's office of the county in which the real estate lies;
and hence an unrecorded mortgage, or other instrument
creating a lien, will take precedence over a subsequent
attachment.

*Appeal from Marion District Court.*—HON. A. W. WILKIN-
SON, Judge.

FRIDAY, DECEMBER 21, 1900.

SUIT in equity to foreclose a mortgage. From a de-
cree holding that certain attachment liens were superior to
plaintiff's mortgage, plaintiff appeals.—*Reversed.*

*Miles & Steele* for appellant.

*Crozier & McCormick* for appellees.

DEEMER, J.—Defendant S. B. Wilson, who was in-
debted to plaintiff on certain promissory notes executed by
himself, and others, agreed to execute a mortgage on lands
owned by him to the plaintiff, to secure the said in-
debtedness. Pursuant to said agreement, and on the
twentieth day of February, 1897, a mortgage was
drawn up that was supposed to cover the land owned by the
said Wilson, and Wilson thereupon signed the same. As
Wilson's wife was not present, it was agreed that she should
sign the mortgage on the twenty-second day of February,
and that, when fully executed, it should be delivered to plain-
tiff in performance of the agreement theretofore made. Ac-
cordingly the wife signed the mortgage, and it was delivered
to plaintiff on the day and date last mentioned in the full
belief of all concerned that it covered the land owned by
Wilson. Shortly thereafter it was discovered that the mort-
gage failed to describe the land, in that it omitted to name
the township and range in which the land was situated,
whereupon the parties, on the twenty-sixth day of February,

caused the insertion of the omitted words, to make the mortgage correspond with the prior agreement and intent of the makers. In the meantime, and on the twenty-fourth day of February, 1897, certain creditors of Wilson levied writs of attachment on the property in controversy. At the time they levied their writs they had no notice of plaintiff's mortgage, either actual or constructive.

From this statement it will be observed that the sole question in the case is, which party is entitled to priority—the plaintiff, under his mortgage, or the defendants, under their writs of attachment? The statute bearing on the question thus presented reads as follows: "No instrument affecting real estate is of any validity against subsequent purchasers, for a valuable consideration, without notice, unless recorded in the office of the county recorder of the county in which the same 'lies," etc. Code, section 2925. An attaching creditor is not a subsequent purchaser for value, and an unrecorded deed or other instrument creating a lien will take precedence over a subsequent attachment. It is also held that a purchaser at judicial sale is bound to take notice of all instruments recorded up to the date of sale. In other words, an attaching creditor in this state acquires no greater rights in the property attached than the defendant had at the time of attachment. *Manny v. Adams,* 32 Iowa, 165; *Harshberger v. Harshberger,* 26 Iowa, 503; *Thomas v. Hillhouse,* 17 Iowa, 72. Therefore it is universally held that an unrecorded deed or mortgage takes precedence over a judgment or attachment lien, and the fact that the attachment or judgment lien holder has no notice of the prior instrument is entirely immaterial. Following these rules to their logical conclusion it was held in *Welton v. Tizzard,* 15 Iowa, 495, that even though an unrecorded mortgage, by mistake, did not describe the land intended to be covered thereby, still the judgment lien was not entitled to priority. See, also, *Thomas v. Kennedy,* 24 Iowa, 397, and *Loomis v. Hudson,* 18 Iowa, 416.

These rules are not in serious dispute between the parties, but appellees contend that Wilson's promise to make the mortgage was without consideration, and that his act in so doing was entirely voluntary, and that no lien was created until the proper description was inserted in the mortgage, which was after their attachments had been levied. It is conceded that the mortgage was executed in consideration of a pre-existing debt. No definite extension of time or other consideration, except that mentioned, entered into the promise. For these reasons it is argued that plaintiff had no equity in the land at the time the attachments were levied, and that defendants' liens are superior to that held by plaintiff. It may be conceded that a purely voluntary deed or mortgage will not be reformed in equity. One who accepts another's bounty cannot be heard to say that something else should have been given. For the purposes of the case, it may also be admitted that a mortgagee who takes his mortgage to secure a pre-existing debt is not a *bona fide* purchaser within the meaning of the recording act, hitherto quoted. This is what is held in *Port v. Embree,* 54 Iowa, 14; *Koon v. Tramel,* 71 Iowa, 137, and other like cases cited by appellant. But neither of these rules is conclusive of the question before us. We have frequently held that a pre-existing indebtedness is a valuable consideration for the execution of a mortgage, as between the parties and all others who had no equitable interest in the property at the time of its execution. *Chadwick v. Devore,* 69 Iowa, 641; *Meyer v. Evans,* 66 Iowa, 179; *Johnston v. Robuck,* 104 Iowa, 527. In *Duncan v. Miller,* 64 Iowa, 223, it is said: "It is not essential that any consideration should pass at the time of the execution of the mortgage. That may be either a prior or a subsequent matter. Mortgages are frequently given to secure existing debts, in which case the consideration is generally altogether a past one." In the same case, which involved the rights of a mortgagee, who held a mortgage that misdescribed the property, against a subsequent attaching

creditor, it is further said: "By the levy of the attachment,. appellants obtained a lien on any interest Miller had, and nothing more. The right to correct the mortgage against them, therefore, existed. * * * We see no reason why lands omitted by mistake from a mortgage may not be regarded as conveyed by an unrecorded mortgage, so far as a subsequent judgment or attachment is. concerned, and the lien of the judgment or attachment regarded as subject to the equity of the mortgagee." True, something is said in that case regarding notice to the attaching creditor; but it is manifest from prior cases that this. point was mentioned simply as an incident, rather than as a controlling factor. When it is conceded, as it must be, that a mortgage given for a pre-existing debt is founded on a valid consideration, and is not voluntary, it follows that equity may reform it for mistake; and, applying the old maxim that equity regards that as done which ought to have been done, it is apparent that plaintiff had an equitable lien on the land at the time defendants' attachments were levied. Aside from this, the parties voluntarily did that which in equity they ought to have done, to-wit, corrected the mortgage so as to make it cover the land intended to be described. Ordinarily this correction would date back to the time of the making of the original instrument, and, generally speaking,. save as to subsequent purchasers for value, a mortgage speaks from the time it is made. When Wilson and wife executed the mortgage with the intention of giving plaintiff a lien on their land as security for money advanced, they created an equitable right or title in plaintiffs, although the property was not fully described; and a court of equity will limit a judgment or attachment lien to the actual interest the defendant had in the property at the time the lien attached. When it is found that a pre-existing indebtedness is a valid and sufficient consideration for a mortgage made to secure the debt, the proposition involved in this case is decided  That it is such a consideration seems to be set-

tled by the cases already cited. Our conclusions are not without support in the cases from other states. Thus, in *Hoyt v. Oliver,* 59 Mo. 188, that court held that a pre-existing debt is a valuable consideration for a mortgage, and that a court of equity will correct a mistake in the description of the property intended to be mortgaged. See, also, *Burn v. Burn,* 3 Ves. 582, and *Galway v. Malchow,* 7 Neb. 285. Reference is made also to the cases cited in *Welton v. Tizzard, supra.*

The court was in error in holding the attachment liens prior to that created by plaintiff's mortgage. The case is remanded for a decree in harmony with this opinion, or, at plaintiff's option, he may have such a decree in this court.—REVERSED.