[Civ. No. 3879. Second Appellate District, Division Two.—January 4, 1923.]

## HELEN ROBERTSON et al., Respondents, v. IDA M. MELVILLE et al., Appellants.

[1] Reformation of Instruments—Sufficiency of Consideration—Pleading.—In an action for the reformation of a deed which had been executed in an attempted performance of a contract, an allegation in the complaint that defendant "sold" the land to plaintiff shows, by inference, that the consideration was valuable, i. e., that it was a pecuniary consideration; and that allegation of consideration is sufficient to warrant a reformation of the deed. The plaintiff is not required to plead facts showing the adequacy of the consideration.

[2] Id.—Consideration—Equity.—While equity will not reform a purely voluntary deed, a valuable consideration, however small, will support a conveyance; and a consideration which will support a conveyance ordinarily is sufficient to entitle the grantee to maintain an action to correct a mutual mistake in the deed.

[3] Id.—Conveyance of Portion of Property—Retention of Entire Consideration—Equity.—The vendor having received the consideration which it was agreed should be paid for the total frontage of sixty-five feet, she cannot insist on keeping all the consideration that was paid therefor and, while conveying a portion of the property, refuse to convey the whole. Having received and kept the consideration that was paid to her for the whole parcel she is bound, in conscience, to correct the mistake.

[4] Id.—Sufficiency of Complaint—Absence of Demurrer.—In the absence of a demurrer great liberality will be indulged in order to sustain faulty complaints in action to reform written instruments.

[5] Id.—Mistake—Pleading.—In an action to reform a deed, it is not necessary that the word "mistake" appear, but it is sufficient if the facts alleged, or the inference to be drawn from them, by fair intendment show fraud or mistake.

[6] Id.—Omission of Property—Pleading—Mutual Mistake—Inference.—In an action to reform a deed, if the complaint alleges that defendant "offered for sale" and "actually sold," and that she "intended" to convey to plaintiff property having a total frontage of sixty-five feet, and that plaintiff "acted under the belief" that there had been conveyed to her all of the property, whereas the property actually conveyed had a frontage of only sixty feet, a

6. Mutual mistake as ground for reformation of written instruments, notes, 3 Ann. Cas. 444; 19 Ann. Cas. 343.

strip five feet wide having been omitted, it is a fair inference that such five-foot strip was omitted from the deed through mutual mistake.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward Winterer for Appellants.

Turnbull, Heffron & Kelley for Respondents.

FINLAYSON, P. J.—Defendants, who are husband and wife, appeal from a judgment reforming a deed which the wife, Ida M. Melville, as grantor, had executed to the plaintiff, Helen Robertson, as the grantee. The deed was reformed by correcting a misdescription of the land. The evidence is not in the record, the case coming here on the judgment-roll alone.

The allegations of the complaint are substantially these: The defendant Ida M. Melville was the owner and in possession of a parcel of land in the city of Los Angeles having a total frontage of sixty-five feet. It consisted of lot 3 of the G. M. Lashley tract, having a frontage of sixty feet, and the south five feet of the north 345 feet of the east 117.8 feet of lot 3 of Towner and Garbutt's subdivision of the S. W. Little tract. All of the property, i. e., lot 3 of the G. M. Lashley tract and the adjoining five-foot strip in Towner and Garbutt's subdivision, was "offered for sale and actually sold by said Ida M. Melville to the plaintiff Helen Robertson." The vendor represented to the vendee that she was selling and conveying all of the above-mentioned property, and at all times referred to the property sold as having a total frontage of sixty-five feet. The deed which the vendor executed to the vendee described and conveyed all of lot 3 in the G. M. Lashley tract, but failed to make mention of the five-foot strip in Towner and Garbutt's subdivision, with the result that the land conveyed had a frontage of but sixty feet, instead of the sixty-five foot frontage which the vendor had offered for sale and had "actually sold" to the vendee. Mrs. Melville "intended to convey to said Helen Robertson all of the property pur-

chased" by the latter, and until two days prior to the commencement of the action Mrs. Robertson "acted under the belief that there had been conveyed to her by said Ida M. Melville all of the property so purchased." Immediately on ascertaining that the deed omitted the five-foot strip Mrs. Robertson demanded a conveyance thereof from Mrs. Melville, but the latter has refused all compliance with the demand. Mrs. Robertson paid to Mrs. Melville all of the agreed consideration. The complaint does not allege what was the consideration that was paid for the property, but the trial court found that it was $4,500.

[1] Though no demurrer was filed in the court below, appellants now claim that the complaint does not state a cause of action. In support of this contention it first is asserted that the action was brought and intended as one for specific performance, and that, since the complaint nowhere alleges facts showing the adequacy of the consideration received by Mrs. Melville, the pleading is insufficient as a complaint for specific performance. The argument rests on a false premise. The cause of action alleged in the complaint is one for the reformation of the deed and not for the specific performance of the contract whereby the land had been sold. It is a cause of action for the reformation of a deed which had been executed in an attempted performance of the contract. It is true the complaint is by no means a model, and it doubtless could have been successfully demurred to on the ground of uncertainty in the allegation respecting the nature of the consideration given for the land. Nevertheless, it does appear that the consideration was valuable, i. e., that it was a pecuniary consideration. This is a necessary implication of the allegation that Mrs. Melville "sold" the land to Mrs. Robertson—the word "sold" importing a pecuniary consideration. Since, therefore, the complaint shows, by necessary inference, that there was a pecuniary consideration, there is a sufficient allegation of consideration to warrant a reformation of the deed. [2] It may be conceded that equity will not reform a purely voluntary deed, for one who accepts another's bounty cannot be heard to say that something else should have been given. (*Enos* v. *Stewart*, 138 Cal. 112 [70 Pac. 1005].) But a valuable consideration, however small, will support a conveyance; and a consideration which will support a con-

veyance ordinarily is sufficient to entitle the grantee to main-
tain an action to correct a mutual mistake in the deed.
[3] It is alleged that Mrs. Melville received the considera-
tion which it was agreed should be paid for the total front-
age of sixty-five feet. This being the case, the vendor can-
not now insist on keeping all of the consideration that was
paid for a piece of property having a sixty-five foot frontage,
and, while conveying a portion of the land, refuse to convey
the whole. Having received and kept the consideration that
was paid to her for the whole parcel she is bound, in con-
science, to correct the mistake. In *Mason* v. *Moulden*, 58
Ind. 1—an action to reform a deed by correcting the de-
scription of the land intended to be conveyed—the court
said: "The case is not entirely like one where specific per-
formance of a contract is sought. Here the vendor attempted
to perform the contract, and executed a deed for that pur-
pose. The aid of the court is required only to correct a
mistake into which the parties mutually fell in the execu-
tion of their purpose, the one to convey and the other to
receive the title to the land." In this same case the Indiana
court further said: "Elizabeth was a purchaser for a valu-
able consideration, and mere inadequacy of consideration is
no ground for withholding relief by way of reforming the
deed, and thus giving her what she bought, and what her
vendor intended to convey, and would, but for the mistake,
have conveyed." To the same effect are *Baker* v. *Pyatt*, 108
Ind. 61 [9 N. E. 112], *Comstock* v. *Coon*, 135 Ind. 640 [35
N. E. 909], *Citizens' Nat. Bank* v. *Judy*, 146 Ind. 322 [43
N. E. 259], and *Rea* v. *Wilson*, 112 Iowa, 517 [84 N. W.
539].

It next is urged that the complaint does not state a cause
of action for reformation because there is no allegation of
fraud, or of mutual mistake, or of a mistake by one of the
parties known to or suspected by the other—citing section
3399 of the Civil Code, which reads: "When, through fraud
or a mutual mistake of the parties, or a mistake of one
party, which the other at the time knew or suspected, a writ-
ten contract does not truly express the intention of the par-
ties, it may be revised on the application of a party ag-
grieved, so as to express that intention, so far as it can be
done without prejudice to rights acquired by third persons,
in good faith and for value."

While, as we have stated, the complaint is by no means to be commended as a precedent, we think it would have withstood the test of a general demurrer had one been filed. [4] In the absence of a demurrer great liberality has been indulged in order to sustain faulty complaints in actions to reform written instruments. (*Newton* v. *Hull*, 90 Cal. 487, 495 [27 Pac. 429]; *Seegelken* v. *Corey*, 93 Cal. 92, 95 [28 Pac. 849]; *Peasley* v. *McFadden*, 68 Cal. 611, 616 [10 Pac. 179]; *Ward* v. *Waterman*, 85 Cal. 488 [24 Pac. 930]; *Higgins* v. *Parsons*, 65 Cal. 281 [3 Pac. 881].) As was said in *Peasley* v. *McFadden*, *supra:* "In the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties, and at every stage of an action the court must disregard any error or defect in the pleadings which does not affect the substantial rights of the parties (Code Civ. Proc., secs. 472, 475)."

[5] It is true that the word "mistake" nowhere appears in the complaint; but if the essential facts have been alleged it was not necessary that plaintiffs should have characterized them. It is the *facts,* and not the pleader's conclusions, from which the chancellor is to draw the conclusion that there was a mistake in which both parties participated, or that there was a mistake on the part of one known or suspected by the other, or that the erroneous description was due to the vendor's fraud. In other words, it is sufficient if the facts alleged, or the inference to be drawn from them, by fair intendment show fraud or mistake.

[6] Here all the facts necessary to entitle plaintiffs to a reformation of the deed which are not directly stated are necessarily inferable from those which are stated. It appears from the complaint that Mrs. Melville "offered for sale" and "actually sold" the total frontage of sixty-five feet; that she "represented" to Mrs. Robertson "that she was selling and conveying *all* of the above-described property"; that she "intended" to convey to Mrs. Robertson the total frontage of sixty-five feet; and that Mrs. Robertson "acted under the belief" that there had been conveyed to her all of the property. From these allegations it clearly appears that the true agreement was well understood by both parties, but that, contrary to the vendee's belief, the deed, which presumably was drafted by the vendor or by a

scrivener employed by her, did not correctly embody all of the agreement in that it omitted a part of the land which the vendor represented she was selling and which she *intended* to convey and which was "actually sold." The fair inference from the allegation that the vendor "intended" to convey the total frontage of sixty-five feet, and that the vendee "believed" that all of it had been conveyed to her, is that the five-foot strip was omitted from the deed through mistake on the part of the vendor in which the vendee participated—that is, that the misdescription was the result of mutual mistake. The facts having been clearly stated, the pleading cannot be held defective merely because the plaintiffs did not know and could not allege what was passing in the grantor's mind at the time of the conveyance. They knew that the vendor had "offered for sale" and had "sold" all of the sixty-five foot frontage, and that she had represented that she was selling all of it, and that, therefore, the five-foot frontage could have been omitted from the deed only through fraud or mistake—but which, it ordinarily would be impossible to say.

The trial court found, in substance and effect, that all the allegations of the complaint are true. In other findings that court went somewhat beyond the precise language of the issues as tendered by the complaint. Thus, it is expressly found that the five-foot strip was omitted from the deed through "inadvertence and mistake," notwithstanding that the word "mistake" nowhere appears in the complaint. This the court was warranted in doing; for it was its duty to determine from the facts alleged and proved whether Mrs. Melville's conduct was the offspring of a concealed fraudulent intent or whether it was the progeny of mistake. As to the other findings in which the court somewhat amplifies the facts as alleged in the complaint, it may be said of them that they cannot possibly prejudice the appellants. For the reasons already given, the complaint states all of the essential facts necessary to constitute a cause of action for reformation of the deed. And since the facts as alleged in the complaint are found to be true, it follows that such of the other findings as may go beyond the language of the issues as tendered by the complaint are not essential to the support of the judgment.

The judgment is affirmed.

Works, J., and Craig, J., concurred.