[Civ. No. 4868.   Second Appellate District, Division Two.—January 13, 1928.]

MATTHEW W. SHINDELAR et al., Respondents, **v.** AMOS F. HADACHECK, Appellant.

Jas. W. Bell for Appellant.

J. J. Hughes and Fred W. Morrison for Respondents.

CRAIG, J.—This is an action to reform a written contract and for its specific performance. Findings of fact and conclusions of law were waived. The decree rendered directs that the contract "be reformed to state the true intention of the parties to this action." Provision is then made for specific performance of the contract through the conveyance of the lots in question to the plaintiffs, and the cancellation of the defendant's notes theretofore filed in court, the principal of which aggregates sixteen thousand dollars, the remedy being that prayed in the complaint.

The contention of appellant, which has been most stressed, is that the remedy by specific performance will not be applied for the violation of an agreement unless, among other elements, the consideration is definite and certain. In the contract as originally written the consideration named was ten dollars, "and other valuable consideration." However, this is one of the particulars in which the plaintiff asks that the contract be reformed. It is alleged that the true consideration as actually agreed between the parties was sixteen thousand dollars, to be paid by delivery to the defendant "of his promissory notes aggregating said amount that were then being held by said plaintiffs."

The judgment is as prayed by the complaint. All intendments are in favor of upholding the judgment. The case is to be viewed as though the court had found all of the facts alleged in the complaint to be true and the evidence had fully supported such findings. Under such circumstances the judgment would not be reversed because it did not expressly state the exact form of the contract when reformed as prayed "to state the true intention of the parties."

The judgment will be considered in that respect as following the pleadings and findings, and as ordering the reformation of the contract, so that it now recites the consideration alleged in the complaint and directed by the judgment itself to be rendered to the defendant. As thus reformed the contract is definite and certain and the entire argument upon that subject has no application.

■ For the same reasons there is no merit to the assertion that the judgment awards more land than is called for by the agreement. The land described in the contract as reformed is identically the same as that decreed to be conveyed.

■ Defendant claims that the complaint is insufficient in that there is no allegation of a mutual mistake of the parties. The complaint, after reciting the contract as written, states an alleged "real agreement," and uses the language, "and the intention of the parties was," followed by a statement of the terms claimed to have been agreed upon by the parties. We think these allegations sufficient to plead mutual mistake.

■ There is no merit in the contention that because the appellant did not sign the contract there resulted a lack of mutuality of obligation, and that specific performance is not a proper remedy. In so far as this objection is concerned the plaintiffs have stated a cause of action within the provisions of section 3388 of the Civil Code.

The judgment is affirmed.

Works, P. J., and Hazlett, J., *pro tem.*, concurred.