[Civ. No. 4021. Third Appellate District.—March 10, 1930.]

ALBERT MORTARA, Respondent, v. JOHN RIZZI, Appellant.

James T. Matlock and M. J. Cheatham for Appellant.

Carter & Smith for Respondent.

FINCH, P. J.—This is an action to reform a contract for the sale of land, by the plaintiff to the defendant, on the ground of mutual mistake and for other relief. The plaintiff was given judgment and the defendant has ap-

pealed. The appellant contends that neither the evidence nor the findings show a mutual mistake.

The court found that prior to and at the time of the execution of the contract the land was encumbered by the lien of a judgment rendered in a proceeding for the dissolution of the Happy Valley Irrigation District; that "prior to the execution of said agreement said defendant had knowledge of and knew of the existence of said judgment of dissolution and the lien thereby created"; that "it was understood and agreed by and between plaintiff and defendant that defendant was to assume and agreed with plaintiff to pay any and all liens existing against said property"; that in the drafting of said agreement there was inadvertently omitted therefrom a covenant obligating the defendant to pay and discharge "any lien or encumbrance caused by reason of the dissolution of the Happy Valley Irrigation District"; that "said agreement as it is written does not express the true agreement or mutual understanding of the parties thereto, and that the only way whereby said contract can be made to express the true intent and agreement of said parties is to insert the clause hereinabove noted."

█ It is true that there is no specific finding of mutual mistake, but it reasonably appears from the facts found by the court that there was such a mistake and, therefore, it must be held that the findings are sufficient. (*Horton* v. *Winbigler*, 175 Cal. 149, 154 [165 Pac. 423]; *Holmes* v. *Anderson*, 90 Cal. App. 276, 288 [265 Pac. 1010]; *Shindelar* v. *Hadacheck*, 88 Cal. App. 319, 321 [263 Pac. 305]; *Robertson* v. *Melville*, 60 Cal. App. 354, 358 [212 Pac. 723].)

█ While the testimony given by the parties themselves is conflicting, that of the draftsman who drew the contract clearly shows that the defendant agreed to assume and pay the said judgment lien and that a covenant binding him to pay the amount thereof was omitted from the contract through a mutual mistake of law, as that term is defined by section 1578, subdivision 1, of the Civil Code.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.