[Civ. No. 983.  Fourth Appellate District.—September 26, 1932.]

ROSE KUGLER, Appellant, v. MINNIE SCARBOROUGH et al., Defendants; MINNIE SCARBOROUGH, Cross-Complainant and Respondent.

Raphael Dechter for Appellant.

Glen Behymer and B. L. Hoyt for Respondent.

MORTON, J., *pro tem.*—This is an appeal by plaintiff from a judgment on an action to quiet title. Defendants Ralph A. Woods and Gertrude A. Woods, his wife, executed and delivered to defendant and cross-complainant Minnie Scarborough a promissory note for $3,000, secured by a trust deed covering two parcels of real property in Los Angeles County, to wit: a house and lot in the Los Angeles-McCarthy tract, and a lot and a half in the Redondo Villa tract. Defendant Irene Johnson was named as trustee in the deed of trust. Woods and his wife defaulted under the terms of the note and trust deed, and after some delay, the trust deed was foreclosed. Prior to the foreclosure of that trust deed a reconveyance was executed and delivered by the trustee, Irene Johnson, to Woods and his wife, describing only the Redondo Villa property, which they at once recorded. It is alleged that through the inadvertence and mutual mistake of the parties to the deed of trust that this intended partial reconveyance was made upon a *form for full reconveyance* and recited full payment of the indebtedness and release and reconveyance without warranty to the holder of the legal title when the deed of trust is executed and for the benefit of those lawfully succeeding thereto of all the estate described in the deed of trust and that this conveyance was given as satisfaction and discharge of the trust. It is further alleged that the reconveyance was made for a good and valuable consideration but without payment of any portion of the indebtedness secured

thereby. Plaintiff held a judgment against defendant Ralph A. Woods, by virtue of which she caused an execution to be levied on the McCarthy tract property. It was then sold by the sheriff at execution sale and bid in by plaintiff. Her attorney testified he learned of the McCarthy tract property through a searcher's chain of title report furnished to him and that he personally examined the recorded reconveyance before he attended the sheriff's sale and bid in the equity of Ralph A. Woods in the property for his client. After getting the sheriff's deed he wrote Ralph A. Woods of what had occurred and that before taking legal proceedings for possession, he would be willing to arrange with him to rent the property if he desired. In response to the letter Gertrude A. Woods called at his office and subsequently made a payment of $20 to the attorney inclosed in a letter in which she stated she would send more next month. She testified this payment of $20 was on the judgment indebtedness. This property was then sold at public auction under the trust deed foreclosure and bid in by cross-complainant. No further payments were made by Mrs. Woods to plaintiff's attorney and plaintiff then filed this suit to quiet title. All the defendants answered and defendant Minnie Scarborough filed a cross-complaint alleging the mutual mistake and asking that the reconveyance and release deed be reformed to express the true intent of the parties. Judgment was in favor of cross-complainant reforming the deed as prayed for and decreeing that Minnie Scarborough was the owner in absolute fee simple of the premises and that plaintiff was forever barred from any and all claims of right or title to the property, or any lien thereon, or any part thereof.

Appellant's first point on appeal is that the cross-complaint does not set forth with sufficient certainty the circumstances accounting for the mutual mistake made in the reconveyance. In the absence of special demurrer and a general objection not specifying these, but other grounds for the objection, we hold that the allegation is sufficient (22 Cal. Jur., sec. 17, p. 732; *Seegelken* v. *Corey*, 93 Cal. 92, at 95 [28 Pac. 849]). Further, these grounds, as a basis of the aforegoing objection, are raised for the first time on this appeal.

"Where no objection is made at the trial to evidence on the score of defective pleading the rule is well established that such a course is a waiver of a defect in pleading." (*Beardsley* v. *Clem*, 137 Cal. 328, at 332 [70 Pac. 175, 176].)

" . . . And if he objects on certain grounds, he cannot on appeal raise other objections to the complaint, which might have been obviated by timely amendment; as by pointing out particular objections he has in effect assured the adverse party that he will urge no other objection." (2 Cal. Jur., sec. 77, p. 254.)

Considering the point that plaintiff was a *bona fide* purchaser, it appears from the evidence that plaintiff's attorney personally examined the recorded reconveyance before bidding in the property at the sheriff's sale. In the case of *Leonard* v. *Osburn*, 169 Cal. 157, at 160 [146 Pac. 530], the court held:

"While the description is erroneous, yet it may be expressed in such a manner, or may be connected with such attendant circumstances, that a purchaser is deemed to be put upon inquiry; and if he fails to prosecute this inquiry he is chargeable with all the notice he might have obtained had he done so." (See, also, *Watson* v. *Sutro*, 86 Cal. 500 [24 Pac. 172, 25 Pac. 64], and *O'Rourke* v. *O'Connor*, 39 Cal. 442.)

The inconsistency of the reconveyance was apparent on its face. It was clearly a patent ambiguity and parol evidence was admissible in an action praying for reformation. (22 Cal. Jur., sec. 23, p. 741.)

Whether or not the evidence was sufficient to support a judgment of reformation is a question primarily for the trial court.

"The appellant insists that the evidence which will be sufficient to justify the reformation of a contract upon the ground of mistake must be clear and convincing. Assuming that the rule for which the appellant contends would have application to the attitude of the trial court toward cases of this character; we are satisfied that in this case there was clear evidence of a mistake, and whether or not it was convincing was entirely a question for the trial court." (*California Packing Corp.* v. *Larsen*, 187 Cal. 610, at 613 [203 Pac. 102, 103].)

The realtor and notary, J. T. Howard, testified the parties asked him to withdraw a reconveyance covering only the Redondo Villa tract lots and he prepared it thinking it covered only these lots. From an examination of all the testimony of the witnesses concerning how the mistake was made in the drawing of the reconveyance, we feel that the cross-complainant was entitled to the relief sought.

 The evidence does not sustain appellant's contention that the note and trust deed were never delivered and never operative. The sale under the trust deed was conducted by the trustee's attorney, which is allowable under the law of this state. (*Kennedy* v. *Dunn*, 58 Cal. 339; *Stockwell* v. *Barnum*, 7 Cal. App. 413, at p. 418 [94 Pac. 400].) The judgment of the trial court is affirmed.

Barnard, P. J., and Marks, J., concurred.