[No. 14783. In Bank. — June 17, 1892.]

FREDERICK W. KOPP, APPELLANT, *v.* ROBERT GUNTHER, RESPONDENT.

DEED OF TRUST — RESCISSION — REVOCATION OF WILL. — A complaint in an action brought to have it decreed that a conveyance of lands by the plaintiff to the defendant created a mere naked legal trust, and to compel the defendant to convey the lands to the plaintiff, alleging that the property was conveyed in trust, and that at the same time the defendant executed a written instrument, which, after reciting that the property was conveyed in trust, contains an acceptance of the trust and an agreement to carry out the same according to a declaration of trust set forth in plain-

tiff's will, executed contemporaneously therewith, and which further alleges that the deed was executed solely for the purpose of securing the defendant for small amounts of money to be loaned to the plaintiff by the defendant, and as a part of his last will, and further avers that the plaintiff has revoked his will and the naked trust, if any, created by the conveyance, and has offered to repay the sums advanced by defendant, but which avers neither undue influence, fraud, or any other of the ordinary grounds for avoiding conveyances, states no cause of action.

ID. — VOLUNTARY TRUST NOT REVOCABLE — WANT OF CONSIDERATION. — A voluntary deed of trust passing a present interest in fee to the trustee, with full power to control, encumber, and sell the property without reserving a power of revocation, is irrevocable, and a want of consideration therefor is immaterial.

ID. — DECLARATION OF TRUST IN WILL — REVOCATION OF WILL — SEPARATE DEED OF TRUST — REFERENCE TO WILL. — A declaration of trust in a will as to property conveyed to a trustee by an absolute conveyance in trust, which is no part of the will, is not revoked by the revocation of the will, where the property conveyed is expressly excepted from the estate disposed of by the will, and the declaration of trust contained in the will is referred to in the deed of trust for the purpose of showing the nature of the trust.

ID. — MISTAKE OF LAW — TESTAMENTARY DISPOSITION — RELIEF IN EQUITY. — A mere mistake of law on the part of the grantor of a deed of trust as to the nature and effect of the instrument, supposing it to be a mere testamentary disposition of his property, remaining within his control, is not ground for relief in equity, especially where it appears that he intended to put the property beyond the reach of an unfavorable judgment.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*Buck & Cutler*, for Appellant.

The three written instruments were all executed at the same time, and constituted but one transaction. By their very terms, the deed and written acknowledgment of defendant were incorporated into plaintiff's will, and formed but an integral part thereof. (*Newton* v. *Seamens*, 130 Mass. 91–97; 1 Redfield on Wills, 261–268, 435; *Westcott* v. *Cady*, 5 Johns. Ch. 334; 9 Am. Dec. 306; Schouler on Wills, secs. 280–282; *Seamens* v. *Butler*, 8 Port. 380; *Epperson* v. *Mills*, 19 Tex. 67; *Ferguson* v. *Ferguson*, 27 Tex. 340–344; *Carlton* v. *Cameron*, 54 Tex. 72; 38 Am. Rep. 620, 621; *Tonnele* v. *Hall*, 4 N. Y. 140; *Brown* v. *Clark*, 77 N. Y. 377.) The three papers (will,

deed, and acknowledgment of trust) must be read to-
gether.   In this case it takes them all to complete the
transaction.   (Civ. Code, sec. 1642, and cases cited in
notes.)   Taking the papers and reading them together,
the whole constitute a disposition of testator's property,
to take effect after his death; and the whole simply con-
stitutes a will.   (Cases above cited, and *Leaver* v. *Gauss*,
62 Iowa, 314; *Singleton* v. *Bremar*, 4 McCord, 12; 17 Am.
Dec. 699; Schouler on Wills, sec. 272; *Guaranty etc.* v.
*Green etc.;* 139 U. S. 141; *Wellborn* v. *Weaver*, 17 Ga.
267; 63 Am. Dec. 242; *Robertson* v. *Dunn*, 2 Murph. 133;.
5 Am. Dec. 525.)   It is the established law with refer-
ence to deeds of a testamentary character, that they can
be revoked by the party executing them at any time
during his life.   They stand on no higher plane than
the ordinary will while the testator is living; have pre-
cisely the same effect, — no less and no greater.   No one
has a vested interest in them, and they are of no force..
(*Watkins* v. *Dean*, 10 Yerg. 320; 31 Am. Dec. 583.)   The
deed to defendant and the written acknowledgment by
him of the trust created by the will constitute him a
mere agent for Kopp.   He is given a mere naked power,
not coupled with any interest.   It is therefore revocable
at the pleasure of Kopp.   (Civ. Code, sec. 2356; *Gilmore*
v. *Whitesides*, Dud. Eq. 14; 31 Am. Dec. 568.)   The clause
in the will stating that the property conveyed in trust
formed no part of the estate therein disposed of, and
as not to be administered upon in probate, is controlled
by the specific directions in the will.   Where there are
specific provisions in an instrument, they will always
control general provisions.   (*Bank* v. *Roche*, 93 N. Y.
374; *Bock* v. *Perkins*, 139 U. S. 634.)   If the clause relied
upon by defendant was actually meant to permanently
divest plaintiff of all right and title to the property, it
would be an attempt to abdicate a legal right appertain-
ing to wills, — that is, the power to revoke at pleasure.
Plaintiff could do no act which would deprive him of his
legal power to revoke his will at pleasure.   This is obvi-
ous.   (See Schouler on Wills, sec. 10, and note; *Wait*

v. *Belding,* 24 Pick. 136; and see *Guaranty etc.* v. *Green etc.,* 139 U. S. 137–142; *Rick's Appeal,* 105 Pa. St. 528.) But whatever view be taken of the trinity of instruments set forth in the complaint, plaintiff is entitled to the relief prayed for, upon the plainest principles of equity. (*Miskey's Appeal,* 107 Pa. St. 621, 629–633; *Bristor* v. *Tasker,* 135 Pa. St. 110, and cases therein cited; *Russell's Appeal,* 75 Pa. St. 279, 280; *McKinnon* v. *McKinnon,* 46 Fed. Rep. 713; *Nash* v. *Burchard,* 87 Mich. 85; *Brison* v. *Brison,* 75 Cal. 630; 7 Am. St. Rep. 189; *Rick's Appeal,* 105 Pa. St. 535, 536.)

*Chamberlin & Wheeler,* for Respondent.

The trust in question needs no consideration to support it, for the reason that it is a voluntary transfer and an executed contract. A voluntary trust is an obligation arising out of a personal confidence reposed in, and voluntarily accepted by, one for the benefit of another. (Civ. Code, sec. 2216.) The trust in question is one of the active trusts expressly recognized by law. (Civ. Code, sec. 857; 2 Pomeroy's Eq. Jur., sec. 565.) The instrument of transfer from Kopp to Gunther was a grant, bargain, and sale deed, and duly and absolutely vested the fee-simple in the trustee. (Civ. Code, sec. 863.) A voluntary transfer is an executed contract, subject to all rules of law concerning contracts in general, except that a consideration is not necessary. (Civ. Code, sec. 1040.) The transfer here was not only a voluntary transfer, and therefore without need of consideration, but was perfectly valid and binding, because of being a perfectly created and executed trust, which could not be revoked. (1 Perry on Trusts, sec. 98; *Estate of Webb,* 49 Cal. 543; *Stone* v. *Hackett,* 12 Gray, 227; *Dennison* v. *Goehring,* 7 Pa. St. 175; 47 Am. Dec. 505; *Viney* v. *Abbott,* 109 Mass. 300; *Falk* v. *Turner,* 101 Mass. 494; *Keys* v. *Carleton,* 141 Mass. 45; 55 Am. Rep. 446; *Light* v. *Scott,* 88 Ill. 239.) A trust is extinguished only by the entire fulfillment of its object, or by such object becoming impossible or unlawful. (Civ. Code, sec. 2279; *Scrivner* v. *Dietz,* 84 Cal.

297.) A trust cannot be revoked by the trustor after its acceptance, actual or presumed, by the trustee and the beneficiary, except by the consent of all the beneficiaries, unless the declaration of trust reserves a power of revocation to the trustor, and in that case the power must be strictly pursued. (Civ. Code, sec. 2280; *Hellman* v. *McWilliams*, 70 Cal. 449; *Scrivner* v. *Die'z*, 84 Cal. 297; *Hildreth* v. *Elliott*, 8 Pick. 296.) There was no sufficient allegation of a mistake. A simple mistake by a party as to the legal effect of an instrument which he executes, or as to the legal result of an act which he performs, is no ground for either defensive or affirmative relief. (2 Pomeroy's Eq. Jur., sec. 843; *Gross* v. *Parrott*, 16 Cal. 143; *Guy* v. *Du Uprey*, 16 Cal. 198; 76 Am. Dec. 518.) From the consequences of this class of mistakes, courts of equity seldom relieve; indeed, the weight of authority is, that the mistake, unless accompanied by special circumstances, such as misrepresentation, undue influence, or fraud, constitutes no ground for relief. (*Goodenow* v. *Ewer*, 16 Cal. 471; 76 Am. Dec. 540; *Kenyon* v. *Welty*, 20 Cal. 640; 81 Am. Dec. 137.) If the language of a deed is the language intended to be used by the grantor, his mistake as to the legal effect of the language used will not afford him any ground for relief in equity. (*Burt* v. *Wilson*, 28 Cal. 637; 87 Am. Dec. 142; *Bucknall* v. *Story*, 46 Cal. 589; 13 Am. Rep. 220; *King* v. *La Grange*, 50 Cal. 332; *Douglas* v. *Gould*, 52 Cal. 656.) Misapprehension as to the legal effect of an arrangement voluntarily made is no ground for relief. (*Parsons* v. *Fairbanks*, 22 Cal. 348.) Every man is charged with a knowledge of the law, at his peril. (*Christy* v. *Sullivan*, 50 Cal. 337; 19 Am. Rep. 655.) The misapprehension averred in the complaint does not fall within the class of mistakes of law that are entitled to be relieved against. (Civ. Code, secs. 1576, 1577.) The allegations of the complaint are directly contrary to the plain legal effect of the deed. In order to recover under the complaint, plaintiff would have to annul and abrogate his deliberate act in making the conveyance, on the allegation

that he did not intend to do what he deliberately did do. (*Annis* v. *Wilson*, 15 Col. 236.) An instrument conveying property, to take effect, as far as regards handing over of property at my death, is a deed passing a present interest to be enjoyed *in futuro*. (*Wall* v. *Wall*, 30 Miss. 91.) If it appear doubtful from the face of an instrument whether the person executing it intended it to operate as a deed or as a will, it is proper to ascertain the intention of such person by evidence showing that such person really considered it. Whether an instrument is a deed or a will depends on the intention of the maker. (*Robertson* v. *Dunn*, 2 Murph. 133; 5 Am. Dec. 525.) Instruments passing property in the donor's lifetime, although of alleged testamentary character, being not absolutely a will, must be á deed; there is no middle ground. (*Hileman* v. *Bouslaugh*, 15 Pa. St. 344; 53 Am. Dec. 474.) When it is sought to have an informal paper declared a will, it must be proved that it is the act of the deceased, and that it was executed *animo testandi*. (*Anderson* v. *Pryor*, 18 Miss. 620; *Frew* v. *Clarke*, 80 Pa. St. 170.) It is the *animus testandi*, in general, which makes an instrument a will, or *vice versa*. (*Lyles* v. *Lyles*, 2 Nott & McC. 531.) And it is no longer an open question that an instrument cannot be allowed as a will if, at the time of its execution, the deceased did not intend to make his will, nor knew that he was making it. (*Swett* v. *Boardman*, 1 Mass. 258; 2 Am. Dec. 16; *Combs* v. *Jolly*, 3 N. J. Eq. 625.) A will is to be construed according to the intention of the testator. (*Colton* v. *Colton*, 127 U. S. 309; *Kidwell* v. *Brummagim*, 32 Cal. 436; *Estate of Woods*, 36 Cal. 75; *Williams* v. *MacDougall*, 39 Cal. 80; *Estate of Radovich*, 54 Cal. 540; *In re Whitcomb*, 86 Cal. 272.) The intention of the testator is to be ascertained from the will itself. (Civ. Code, sec. 1318; *Davis* v. *Davis*, L. R. 15 P. D. 109.) The fundamental and cardinal rule in the construction of wills is, that the intention of the testator must be carried into effect when not against the established rules of law. (Civ. Code, sec. 1317.) To give to the will under consideration the con-

struction contended for by appellant would not only utterly disregard the plain intention of Kopp as evinced by the clear language used, but it would be an unwarranted interpretation, in direct violation of the mandatory provisions of sections 1321 and 1325 of the Civil Code. And in construing a will no rule of construction will be allowed to defeat the plain intentions of the testator. (*Elliott* v. *Elliott*, 117 Ind. 380; 10 Am. St. Rep. 59; *Bassett* v. *Budlong*, 77 Mich. 338; 18 Am. St. Rep. 404; *Heath* v. *Hewitt*, 127 N. Y. 166.) An instrument conveying property, but showing on its face that the use thereof is reserved during the maker's lifetime, may be either a deed or will, the class to which it belongs being determinable upon all the circumstances surrounding the parties and attending its execution. A clause in such an instrument stating that it is intended in part to dispense with the necessity of administration on the maker's estate may be considered in determining whether the maker intended it to take effect during her life. The fact that the maker did not dispose of all her property is likewise admissible on the question of whether she intended the instrument as a will. (*Sharp* v. *Hall*, 86 Ala. 110.) If an instrument in writing passes a present interest in real estate, although the right to possession and enjoyment may not accrue until some time in the future, it is a deed or contract; but if the instrument does not pass an interest or right until the death of the maker, it is a will or testamentary paper. (*Reed* v. *Hazleton*, 37 Kan. 321; *Sperber* v. *Ballister*, 66 Ga. 317; *Turner* v. *Scott*, 51 Pa. St. 126; *Mitchell* v. *Mitchell*, 108 N. C. 542.) The declaration of trust was clearly not testamentary. It passed a present fee-simple title to the trustee, and gave at the same moment a right in each and all of the beneficiaries to compel the performance of the trust. (*Burlington University* v. *Barrett*, 22 Iowa, 60; 92 Am. Dec. 376; Civ. Code, sec. 863; *Ward* v. *Waterman*, 85 Cal. 488; *Campton* v. *White*, 86 Mich. 33.) If the trustee in any manner violates his trust, as by refusing to pay the taxes, or by suffering the buildings or

premises to fall into decay, or by an attempted conveyance, etc., the beneficiary can legally prevent his so doing, and can compel the proper carrying out of the trust. (Civ. Code, sec. 863.)    Should it be said that the grantee, Gunther, has no interest himself, but that he is merely the agent for the beneficiaries, and that therefore the instrument is testamentary, the answer is: 1. That he himself takes a valid subsisting interest in fee in the trust, and being also entitled to have the trust carried out and specifically performed after undertaking it and entering upon his duties, and being, in addition, entitled to his compensation as trustee (Civ. Code, secs. 863, 2274), which would in this instance be a lien upon and interest in the trust property. (*Glide* v. *Dwyer*, 83 Cal. 477.)    2. That in order to strip an instrument of its testamentary character, it is only necessary that some interest must pass from the grantor at the time the conveyance is made; there is no requisite demanding that such interest must pass or vest at such time in any particular person.    Having actually passed and vested in the trustee, who has in his individual capacity an actual valid personal interest, aside from his legal title, the law is fully complied with and the conveyance is irrevocable. (*Robinson* v. *Schly*, 6 Ga. 527.)    In determining whether an instrument be a deed or a will, it must be ascertained whether the maker intended to convey any estate or interest whatever to vest before his death upon the execution of the paper, or, upon the other hand, whether he intended that all the interest and estate should take effect only at his death. (*Gilman* v. *Mintin*, 42 Ala. 365; *Jordan* v. *Jordan*, 65 Ala. 301.)    In the present case the trust was fully and completely created and executed, both as to the trustee and as to the beneficiaries. (Civ. Code, secs. 2221, 2222; *Stone* v. *King*, 7 R. I. 358; 84 Am. Dec. 559.)    It was an express active trust, the duties of the trustee beginning immediately upon the execution of the trust deed. (1 Pomeroy's Eq. Jur., sec. 991.)    And upon its creation there was imposed upon Gunther a twofold fiduciary relation; he became

a trustee for both the trustor and the beneficiaries. (Civ. Code, secs. 2219–2258.) This being so, upon the creation of the trust, there arose in the beneficiaries a vested right to enforce the performance and carrying out of the trust. (Civ. Code, secs. 863, 2258; 1 Perry on Trusts, secs. 816, 816 a.) This vested right it was beyond the power of the settlor to revoke or impair, without the consent of all the beneficiaries. (Civ. Code, sec. 2280; *Hellman* v. *Mc Williams*, 70 Cal. 449; *Scrivner* v. *Dietz*, 84 Cal. 297.)

McFARLAND, J. — This action was brought to have it decreed that a certain conveyance of lands by plaintiff to defendant created a mere naked legal trust, and to compel defendant to convey said lands to plaintiff. Defendant interposed a general demurrer to the complaint, which was sustained; and plaintiff declining to amend, final judgment was rendered for defendant. Plaintiff appeals from the judgment.

The conveyance referred to is dated January 23, 1891, and is an ordinary grant, bargain, and sale deed, by which, for a named consideration of five thousand dollars, the plaintiff conveys to the defendant, in fee-simple, certain lots of land in the city of Eureka. It was duly acknowledged and recorded. At the same time, defendant executed a written instrument, which, after reciting that plaintiff had conveyed said lots to defendant in trust, proceeds as follows: "I hereby accept such trust, and hereby agree to carry out the terms thereof as the same appear in that certain declaration of trust set forth and contained in the last will and testament of the said Kopp, this day made, which said declaration of trust is hereby referred to and made a part hereof."

On the same day, plaintiff made his will, in which, after providing for the expenses of his last sickness, funeral, etc., he gives all the residue of his estate to one Regine Wagner. The will then proceeds as follows: "Having this day made, executed, and delivered unto Robert Gunther a deed conveying to him lots one and eight in block thirty-six, and the southwest quarter of block ninety-four, in the city of Eureka, according to

the official map of said city, said property being conveyed to him in trust, to be held, managed, encumbered, or disposed of in accordance with certain directions by me given to him, the said Gunther, — now, in order to avoid any uncertainty in relation to said trust, I hereby declare said trust to be as follows, to wit: 1. That said Gunther is to hold and manage said real property from this date henceforth in such manner as he may deem best; and upon my death he is at once to pay, or cause to be paid, from out said trust property, the following amounts, to wit, to Catarina Kopp [and five other persons] the sum of one hundred dollars each; 2. To cause to be erected over my grave a tombstone, to cost about $150; 3. Any money the said Gunther shall pay out for said property, either for taxes, insurance, or otherwise, and any and all sums of money he may advance or loan to me between this date and the time of my death, are to be considered a preferred charge on said lands; and the said Gunther is to first reimburse himself for such amounts so paid from said trust property; 4. Upon the payment of the foregoing, and such additional sums as the said Gunther may deem a reasonable compensation for his services as such trustee, he, the said Gunther, is to at once convey said property as follows, to wit: Unto Regine Wagner the said lots one and eight of block thirty-six; and unto Augusta Wagner, the sister of the said Regine, the said southwest quarter of block ninety-four; 5. Should it be necessary or expedient to sell or encumber said property in order to carry out said trust, said trustee has full power so to do, it being left to his discretion to so act in relation thereto that the diminution in value suffered by said trust property by reason thereof will be borne proportionately by the respective shares of the said Regine and Augusta Wagner. I here expressly state that the said trust property so conveyed as aforesaid forms no portion of my estate herein by this my last will disposed of, nor is it my wish or desire that said trust property be administered upon in probate."

The substantial averments of the complaint are these:

The plaintiff, at the time of the execution of these instruments, was advanced in years and in feeble health, and was " harassed by an unconscionable suit" brought against him by a woman who wanted damages for an alleged breach of promise of marriage. " Being oppressed by illness and anxiety about said suit," he sought the advice of defendant, in whom he had confidence, and under these circumstances, and " being thereto advised by defendant," he executed the said instruments. " In the execution of said instruments, plaintiff understood and believed that he was making a testamentary disposition of his property; and he did not understand thereby nor intend thereby to place said real estate nor any portion of his property beyond his control, or other disposition thereof; said deed expresses a consideration of five thousand dollars; no consideration was paid, and it was executed " solely for the purpose of securing defendant for small amounts of money to be loaned to plaintiff by defendant, and as a part of his last will as aforesaid." Since then, " said unconscionable suit for breach of promise of marriage has been tried, and judgment thereon was, on the fourteenth day of March, 1891, duly given and made in favor of this plaintiff (defendant in said action) for his costs." It is further averred that " plaintiff has revoked said will and every part thereof, and has also revoked the naked trust, if any, created by said conveyance." It is also averred that defendant had advanced to plaintiff about three hundred dollars; that plaintiff has offered to pay said sum, and is ready to pay any other indebtedness which may be found due defendant; has demanded a reconveyance and tendered to defendant a deed to be executed by him; but that defendant has refused to execute such deed, and claims to hold the legal title for the benefit of said Regine and Augusta Wagner.

: The demurrer was properly sustained. The complaint contains no averments of undue influence, fraud, or any other of the ordinary grounds upon which the avoidance of solemn conveyances of property is usually based.

It goes upon the theory that the deed was part of the will, and that plaintiff, by revoking the latter, annulled the former. But this clearly was not so. The revocation of the will released from its operation all property which would have been devised or bequeathed thereby if the testator had died without making the revocation. But the plaintiff in the will did not devise, or attempt to devise, the property conveyed by the deed; on the contrary, the latter was expressly excepted from the will, in which it was expressly stated that "the said trust property so conveyed as aforesaid forms no portion of my estate herein by this my last will disposed of." It is true that the instrument in which the will was written also contained a declaration of trust, to which the acceptance of the trust by defendant referred; but the declaration of trust was as effective after the revocation of the will as before, and would have been equally effective if the will had never been valid as a will; that is, if for want of proper attestation, or from some other defect, it had never been legally executed. The deed is not part of the will, but the declaration of trust contained in it is referred to in the deed for the purpose of showing the nature of the trust. A present interest passed to defendant; he received the title in fee, with full power to control, to encumber, or to sell the property. It was a voluntary trust without power of revocation; and the averment of want of consideration is immaterial. (Code Civ. Proc., secs. 863, 1040, 2216.) The averment of a mistake of law does not bring the case within that extreme class of mistakes of law from which equity will relieve. (Civ. Code, sec. 1578; *Goodenow* v. *Ewer*, 16 Cal. 471; 76 Am. Dec. 540; *Kenyon* v. *Welty*, 20 Cal. 640; 81 Am. Dec. 137; *Burt* v. *Wilson*, 28 Cal. 638; 87 Am. Dec. 142.) Moreover, it is apparent upon the face of the complaint that plaintiff did exactly what he intended to do. It is also clear that one of the main purposes of the deed was to put plaintiff's property beyond the reach of an unfavorable judgment on the pending action for breach of marriage, — which, of

course, could not have been effected by a mere testamentary disposition of said property.

The judgment is affirmed.

GAROUTTE, J., SHARPSTEIN, J., PATERSON, J., HARRISON, J., and DE HAVEN, J., concurred.

Rehearing denied.