[S. F. No. 956. Department Two.—June 8, 1899.]

## F. E. JOHNSON, Appellant, v. BANK OF LAKE, Respondent.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—CREATION OF LIABILITY FOR SERVICES—STATUTE OF LIMITATIONS.—The liability of a corporation and of the stockholders thereof for the services of an attorney employed to defend the corporation in an action brought against it is not created until the rendition of the services performed by the attorney; and the statute of limitations does not begin to run against the stockholders of the corporation from the date of the contract of employment of the attorney.

APPEAL from a judgment of the Superior Court of Lake County. R. McGarvey, Judge.

The facts are stated in the opinion of the court.

Garret W. McEnerney, and T. J. Sheridan, for Appellant.

The liability was created by law (Code Civ. Proc., sec. 339; *Green v. Beckman,* 59 Cal. 545; *Moore v. Boyd,* 74 Cal. 167; *Hunt v. Ward,* 99 Cal. 612; 37 Am. St. Rep. 87); but it was not created in this case until the services were rendered. There was no liability to pay for the services until they were rendered (*Garrison v. Howe,* 17 N. Y. 458), and the liability is not barred by the statute of limitations.

M. S. Sayre, for Respondent.

The statutory liability of stockholders does not depend upon the accrual of a cause of action, but is created by the contract, under which it is incurred, whether the liability thereby created be absolute or contingent, or whether time be or be not given for its performance. The liability of the defendant is barred by the statute of limitations. (*Hunt v. Ward,* 99 Cal. 614; 37 Am. St. Rep. 87; *Redington v. Cornwell,* 90 Cal. 63; *Bank of San Luis Obispo v. Pacific Coast S. S. Co.,* 103 Cal. 594; *Winona Wagon Co. v. Bull,* 108 Cal. 1.)

HENSHAW, J.—Plaintiff by appropriate allegations sought to enforce a liability against the Bank of Lake, as a stockholder of the Lakeport Agricultural Park Association. By his first cause of action he charged for the value of his services as an attorney at law, rendered to the association at its request, in defense of an action in which it was a defendant, "in consideration of which the Lakeport Agricultural Association promised, undertook, and agreed to pay the plaintiff the reasonable value of the said services whenever thereto requested." The second cause of action charged for moneys expended by plaintiff for the association at its request and under its promise of repayment. The third cause of action was for the value of the services of J. J. Bruton, rendered under a like employment as attorney at law in the same litigation, Bruton's claim having been assigned to plaintiff. The court found the employment, the value of the services, and the expenditures of moneys all as pleaded in the complaint, but it found that defendant's plea of the statute of limitations was a good plea "because the employment of plaintiff and of Bruton to perform the services which they did perform was made prior to the time when the

defendant became a stockholder, although the services were actually performed and rendered after the date when defendant became such stockholder." Judgment, therefore, passed for the defendant, saving as to a small portion of the money expended. As to this money no question is made upon this appeal.

Section 359 of the Code of Civil Procedure provides that an action against a stockholder of a corporation to enforce a liability created by law must be brought within three years after the liability was created. Section 322 of the Civil Code declares that the liability of each stockholder is determined by the amount of stock or shares owned by him at the time the debt or liability was incurred. The point here presented then is: When, under this contract, was the liability of the corporation created? If it was created at the time of the employment, as the trial court held, its judgment is admittedly proper. If it was created at the time when the services were fully performed, then the defendant corporation is liable in the amount sued for. In *McBean v. Fresno*, 112 Cal. 159, 53 Am. St. Rep. 191, this court had occasion to construe a contract of the city of Fresno, which was to continue for five years, and which involved the expenditure of four thousand nine hundred dollars per annum, payable quarterly. It was called upon to interpret the contract under the provisions of the constitution prohibiting cities from incurring indebtedness or liability in any manner, or for any purpose, exceeding in any year the income and revenue provided for it for such year, in connection with the charter of the city which declared: "The trustees shall not create, audit, allow or permit to accrue any debt or liability in excess of the available money in the treasury." It was contended on behalf of the city, as it is contended by respondents here, that the liability was created and incurred at the time when the contract was entered into. But the conclusion reached and expressed by this court was that: "At the time of entering into the contract no debt or liability was created for the aggregate amount of the installments to be paid under the contract, but that the sole debt or liability created was that which arose from year to year in separate amounts as the work was performed." To the same effect is *State v. McCauley*, 15 Cal. 429. In accordance with

this same construction may be cited *Garrison v. Howe,* 17 N.
Y. 458.   In each case the time of the creation of the liability is
to be determined by the conditions of the contract itself.   In
the case at bar, it is apparent that the association's liability to
pay arose only after performance by the attorney of the re-
quested services.   Before the services had been performed the
attorney could no more have exacted payment under the con-
tract than could McBean in advance of his rendition of the
services have required from the city of Fresno the aggregate
amount of payments contemplated by his five years' contract.

The judgment appealed from is therefore reversed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.