### MASON et al. v. UNITED STATES.

District Court, D. Massachusetts.   March 27, 1928.

#### No. 2622.

Internal revenue ⊂⊃9(23)—Association organized to acquire corporation's assets held not subject to excise tax for "doing business" while financing corporation prior to acquiring assets (Revenue Act 1918, § 1000 (a), (1); Comp. St. § 5980n (a) (1).

Association, which was organized for purpose of engaging in business for profit by acquiring assets of corporation, and which made advances to corporation from proceeds of sale of shares, *held* not subject to special excise tax under Revenue Act 1918, § 1000 (a) (1), Comp. St. § 5980n (a) (1), for carrying on business, during period prior to association's acquisition of assets of corporation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

At Law.   Suit by George G. Mason and others, trustees of the Bukidnon Associates, against the United States.   Decree for plaintiff.

Richard W. Hale and Hale & Dorr, all of Boston, Mass., for petitioners.

J. M. Leinenkugel, Sp. Asst. U. S. Atty., of Boston, Mass., for the United States.

BREWSTER, District Judge. The plaintiffs, as trustees of Bukidnon Associates, bring this petition to recover capital stock taxes erroneously and illegally assessed against, and paid by, them for the taxable periods ending June 30, 1924, and June 30, 1925. For the first period a tax of $267 was assessed and paid, and for the second period $394. Claims for refund were duly made and were rejected.

The question is whether, during the period between July 1, 1923, and June 30, 1925, the association was engaged in business, so as to render the trustees liable to the special excise tax imposed by the Revenue Act of 1918 (Act Feb. 24, 1919, c. 18, § 1000; Comp. St. § 5980n(a) (1), which imposed upon such association "a special excise tax with respect to carrying on or doing business, equivalent to $1 for each $1,000 of so much of the fair average value of its capital stock for the preceding year ending June 30 as is in excess of $5,000."

The Bukidnon Associates was organized under an indenture of trust dated February 3, 1922. The beneficial interest was represented by shares without par value. It was organized for the purpose of acquiring the assets of the Bukidnon Corporation, which owned the shares of Yriarte & Co., a limited partnership doing business in the Philippines.

While the statement of facts does not show it, I gathered from statements made during the course of the argument that the ownership of the shares in Yriarte & Co. carried with it the active management of the affairs of that company. The Bukidnon Associates was to assume all the liabilities of the Bukidnon Corporation and to issue to the corporation 21,712 shares of the Associates.

The issuance of the shares was duly authorized, and the shares were issued to the corporation, but during the period in question the assets of the corporation were never transferred to the Associates.

During this period the shareholders and trustees held meetings, passed votes, and engaged in such activities as would be necessary and proper in order to acquire capital by the sale of its shares. From proceeds of the sale of shares, advances were made from time to time to the Bukidnon Corporation, which presumably used the funds in the conduct of the business of the limited partnership; but it was the corporation, and not the Associates, that derived the immediate benefit from the employment of the funds advanced.

It is clear that we are dealing with an association that was organized for the purpose of engaging in business for profit, but until it had acquired the assets of the Bukidnon Corporation it was not carrying on the business for which it was created. The tax involved is a special excise tax, imposed with respect to carrying on or doing business. Liability for the tax would not attach until the Associates had actually begun the business contemplated. It could hardly be said that the association was, during the two years ending June 30, 1925, pursuing the ends for which it was organized. See Edwards v. Chile Copper Co., 270 U. S. 452, 46 S. Ct. 345, 70 L. Ed. 678. The fact that it loaned money to the Bukidnon Corporation would not, in my opinion, be sufficient to bring the corporation within the purview of the act. See, in this connection, Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 S. Ct. 361, 55 L. Ed. 428; United States v. Emery, Bird, Thayer Realty Co., 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825; Anderson v. Morris & Essex Railroad Co. (C. C. A.) 216 F. 83; Lewellyn v. Pittsburgh, B. & L. E. R. Co. (C. C. A.) 222 F. 177.

I find and rule that the plaintiff is entitled to recover in accordance with the petition.

A decree may be entered accordingly.