[Civ. No. 3731. Third Appellate District.—April 23, 1929.]

L. W. KLINKER et al., Appellants, v. GUARANTEE TITLE COMPANY OF LONG BEACH (a Corporation) et al., Respondents.

Arthur G. Baker and Joseph Hansen for Appellants.

Linnell & Linnell, for Respondents.

McDANIEL, J., *pro tem.*—This is an appeal from judgment after demurrer sustained to plaintiffs' complaint. The plaintiffs allege the corporate capacity of the defendant, Guarantee Title Company, and of the Milton Realty Company and some fictitious corporations, and that the defendants individually named in the title are stockholders of the Guarantee Title Company of Long Beach, defendant, and were such stockholders when the cause of action of plaintiffs sued upon was contracted and incurred. Three only of the individual stockholders were actually served with summons, viz., Orson C. Roberts, Charlotte P. Roberts and Frank P. Cross, and they, with the defendant, Guarantee Title Company of Long Beach, are respondents herein. The complaint herein was filed on December 30, 1926.

It is alleged that on or about the twenty-fourth day of April, 1923, the plaintiff, L. W. Klinker, paid to the said defendant, Guarantee Title Company of Long Beach, the sum of $50,000 as and for the purchase price of 400 shares of capital stock of said corporation, of which eight shares at said time were issued direct to defendant Floyd W. Calkins, two shares to defendant Lucy A. Calkins, eight shares to George E. and Lucy A. Calkins, and four shares to defendant J. E. Burney; that thereafter, on the ninth day of January, 1924, said L. W. Klinker sold and transferred to Zeno Klinker 176 shares of said 400 shares of capital stock, and on the same day sold and transferred to Rex A. Klinker 200 shares of said 400 shares of stock; that the said sales and transfers of stock were made in good faith, and that the plaintiffs Zeno Klinker and Rex A. Klinker did pay therefor valuable considerations.

It is further alleged in the complaint that the defendant corporation "is now transacting business as a corporation, having its principal place of business in Long Beach, Los Angeles County, California, and at all times, up to on or about the 20th of April, 1924, treated said stock as valid, outstanding and fully paid-up stock of said corporation"; that on or about the 30th of March, 1925, defendant corporation filed two actions in the superior court of Los Angeles County, California, "in each of which the defendant Guarantee Title Company, said corporation, was plaintiff, and in one of which Zeno Klinker, one of the plaintiffs herein, was the defendant, and in the other Rex A. Klinker, another of the plaintiffs herein, was the defendant"; the action against Zeno Klinker by said corporation is cause No. 166,356 and that against Rex A. Klinker is cause No. 166,357.

It is further averred that the said defendant corporation as plaintiff in said actions did seek to cancel the capital stock so transferred and sold to said Zeno Klinker and Rex A. Klinker by the plaintiff L. W. Klinker, and that on or about the first day of November, 1926, the said superior court in said actions did order, adjudge and decree the stock belonging to the defendants therein canceled, and did order the stock certificates evidencing the said stock delivered up for cancellation; that the certificates were, pursuant to said judgment and order, on or about the

first day of November, 1926, surrendered and delivered for cancellation, and were thereafter canceled; "that at the time of rendering said judgment, the said court did file its findings of fact, which said findings did expressly provide and state that the said L. W. Klinker did pay as a consideration for said stock the sum of fifty thousand dollars ($50,000.00); all of which will more fully appear from the records of said causes Numbers 166,356 and 166,357, which said findings are hereby referred to and by such reference made a part of this complaint as fully as if set out herein."

Paragraphs VI, VII and VIII are as follows: "That said L. W. Klinker did pay the said sum of fifty thousand dollars ($50,000.00) to the defendant Guarantee Title Company of Long Beach for said stock under and by virtue of a mistake of fact, to-wit, under the belief that the said stock was valid. That by reason of said decree so rendered, as aforesaid, in said causes numbers 166,356 and 166,357, the said consideration for said fifty thousand dollars ($50,000.00) paid as aforesaid has wholly failed and the same has become worthless.

"That said plaintiffs discovered the said mistake after on or about the 1st day of November, 1926, the date on which said judgment was rendered, as aforesaid; that said plaintiffs were without means of knowing that said stock was worthless and invalid until the filing of said judgment and findings as aforesaid.

"That defendants have not nor has any of them paid to these plaintiffs or any of them the said sum of fifty thousand dollars ($50,000.00) nor any part thereof."

Paragraph IX alleges the demand for the repayment to the plaintiffs of the said sum of $50,000 and the refusal of the defendants and each of them to pay the same or any part thereof. Then follows an averment as to the amount of subscribed capital stock at the time that said indebtedness was contracted and incurred and the number of shares of stock held by each of the named stockholder defendants, referring to schedule annexed, showing said names and number of shares of stock, marked Exhibit "A" and made a part of the complaint; and alleging "that each of the said defendants were, at the time when said indebtedness was contracted and incurred, and now are,

indebted to these plaintiffs in a sum equal to the proportion that the said shares owned by each of them bears to the total number of subscribed shares of capital stock, as aforesaid." Then follows prayer for judgment.

The three defendant stockholders filed a demurrer and motion to strike out portions of the complaint. The motion to strike was never passed upon and need not be further considered. The defendant corporation also filed a demurrer to the complaint and a motion to strike out certain portions, which said motion to strike was not ruled upon and need not be further considered.

The demurrers were both general and special and were alike in all respects except that the stockholders' demurrer in paragraph VIII thereof is upon the ground "that said action is barred against these defendants under Section 359 of the Code of Civil Procedure of the State of California"; and the same numbered paragraph in the defendant corporation's demurrer is "that said action is barred against this defendant under Section 338 of the Code of Civil Procedure of the State of California."

The common grounds of both demurrers are stated as follows:

I.

That said complaint does not contain facts sufficient to constitute a cause of action against these defendants, or any of them.

II.

That there is a misjoinder of parties plaintiff in said action.

III.

That there is a misjoinder of parties defendant in said action.

IV.

That several causes of action have been improperly united and not separately stated.

V.

That it cannot be ascertained from said complaint how, nor in what manner, said plaintiff L. W. Klinker paid the defendant Guarantee Title Company of Long Beach the sum of fifty thousand dollars ($50,000.00), nor to what officers of said company said fifty thousand dollars ($50,000.00) was paid.

## VI.

That it cannot be ascertained from the complaint, and particularly from paragraph V thereof, how nor in what manner, nor at what times, the Guarantee Title Company, nor what officers or agents of the Guarantee Title Company, treated the stock of plaintiffs as valid, outstanding and fully paid up.

## VII.

That it cannot be ascertained from said complaint, nor any part thereof, why the said plaintiffs did not discover the alleged mistake of fact previous to November 1, 1926.

On submission of the demurrers the trial court sustained the demurrer to the complaint of the defendant stockholders without leave to amend. The order sustaining the demurrer of the defendant corporation was not so made, but the plaintiffs, as to said corporation, did not file nor offer to file any amended complaint. On March 24, 1927, judgment of dismissal was entered.

Counsel for appellants, with commendable industry and ability, has argued each and every ground of demurrer in support of his contention that the court erred in sustaining said demurrers. With like industry counsel for respondents contends, of course, that the court's ruling is fully in accordance with correct principles of law involved herein. We recognize that the court's judgment in sustaining said demurrers was based upon the statute of limitations, and if it appear upon the face of the complaint that the cause of action was barred because of the lapse of time between the time when the cause of action accrued and the filing of the complaint herein, the judgment should be affirmed, and the necessity for consideration of the other grounds of demurrer will be eliminated. We therefore shall consider whether the liability of the corporation on the one hand and the stockholders on the other has been extinguished by sections 338 and 359 of the Code of Civil Procedure.

The action against the stockholders is upon a statutory liability. "It is now well established that, for the purpose of Section 359 of the Code of Civil Procedure, prescribing a limitation to actions, the stockholder's statutory liability is a liability created by law." 6 Cal. Jur. 1013, section 393, cited by appellants who also collate on

this point *Royal Trust Co., etc.,* v. *MacBean et al.,* 168 Cal. 643 [144 Pac. 139]; *Jones* v. *Goldtree, etc.,* 142 Cal. 383 [77 Pac. 639].

Appellants correctly state, in consideration of section 359 of the Code of Civil Procedure, and conceding that actions brought under said section must be brought within three years after the liability was created, as follows: "If this is the correct exposition and interpretation of section 359, we are forced to conclude that limitation is not extended on liability of stockholders beyond three years from the time when the liability was created, or, as has been expressed, when it was incurred or contracted." Then they quote *verbatim* 6 Cal. Jur. 1013, 1014, and say: "In order therefore for the plaintiffs in this action to maintain suit against the stockholders on the statutory liability, it became incumbent upon the plaintiffs to show that the statute did not begin to run in April, 1923 (the date on which the stock was originally purchased), but at some subsequent date, which date must be less than three years next preceding the filing of this action. The analysis heretofore set out has been for the purpose of presenting facts sufficient to distinguish between the instant case and the usual cases wherein the point of accrual of the cause of action is not indeterminate. *In the case at bar the liability of the stockholders did not arise at the time the money was paid. This is true for the reason that no liability existed for the repayment of the money delivered to the Guarantee Title Company of Long Beach by L. W. Klinker on or about the 24th day of April, 1923.*"

Upon the premises contained in the italicized portion of the foregoing, appellants base their argument, in support of which they cite *Johnson* v. *Bank of Lake,* 125 Cal. 6 [73 Am. St. Rep. 17, 57 Pac. 664]; 6 Cal. Jur. 1020, par. 398; *Yule* v. *Bishop,* 133 Cal. 574 [62 Pac. 68, 65 Pac. 1094]; *Bridges* v. *Fiske,* 53 Cal. App. 117 [200 Pac. 71]; *Kempton* v. *Floribel,* 46 Cal. App. 456 [189 Pac. 478].

We believe that the premises are not sound. When L. W. Klinker paid $50,000 to the corporation, for which he was to receive 400 shares of capital stock, the obligation immediately arose upon the part of both the corporation and the stockholders either to issue to him value re-

ceived in the shape of valid stock, or lacking authority or ability to do so, to return to him his money.

In the findings, made a part of the complaint herein, in the actions for cancellation of the certificates of stock held by Zeno Klinker and Rex A. Klinker, the permit issued by the corporation commissioner of the state of California to the Guarantee Title Company of Long Beach, with the conditions permitting the sale of its capital stock, is set forth in full; and in said findings it is shown that said L. W. Klinker and one P. H. Guy "assuming to act as the president and secretary respectively of the plaintiff corporation, executed and delivered to L. W. Klinker stock certificate No. 135 from the regular stock certificate book of plaintiff corporation to evidence the ownership by said L. W. Klinker of three hundred and seventy six (376) shares of the authorized capital stock of plaintiff corporation."

The findings further show that this certificate No. 135 was later surrendered by L. W. Klinker, and that thereupon he, assuming to act. as president, and P. H. Guy, assuming to act as secretary, issued the respective certificates of stock held by appellants herein, Zeno Klinker and Rex A. Klinker. It is shown by the findings that at the time of the issuance of said certificates, the said appellants herein knew that the issuance of said stock was not authorized by the said or any permit issued by the corporation commissioner of the state of California; and as conclusions of law in both said cases, the court concluded that said certificates of stock are and each of them is null and void and of no force or virtue whatsoever, and do not in fact or in law evidence the ownership by any person or persons whatsoever of any of the shares of the authorized capital stock of plaintiff corporation, and that the plaintiff, said corporation, was entitled to judgment for the surrender of said certificates to it and for the cancellation thereof. Judgment was entered accordingly.

█ The appellants are bound by these findings for they plead them affirmatively, and plead also the fact that judgment of cancellation was rendered. █ It follows, therefore, that, regardless of what anyone may have believed as to the validity of the issue, the stock issued, while apparently regular in form, was, in fact, void, spurious and

worthless, and that L. W. Klinker received nothing of value for his money; with the payment of the money for valid stock to the defendant corporation the liability and obligation *eo instanti* arose upon the part of both the corporation and the stockholders either to issue, if it could, value in the shape of valid certificates or to return the money. Therefore the statute of limitations, under the authorities cited, would act as a bar, beyond question, after the lapse of three years from the date of payment.

This case is clearly distinguishable from the cases cited by appellants in that by no possibility could any new obligation have arisen in favor of appellants herein by the decrees rendered in said actions numbered 166,356 and 166,357. The void certificates of stock were not even choses in action, for, notwithstanding the alleged mistake of belief as to the validity of said certificates entertained by the appellants and acquiesced in by respondent corporation until April, 1924, the said certificates of stock would not have supported an. action brought to recover money or value in the event of their transfer by the holder, because they were utterly worthless and invalid.

"A thing in action is a right to recover money or other personal property by a judicial proceeding." (Sec. 953, Civ. Code.)

As argued by respondents, "A perusal of said findings will remove all doubt that the stock in question was void *ab initio* and was issued at the instance of L. W. Klinker, one of the plaintiffs in this case, and a part thereof sold and transferred to Rex A. Klinker, one of the plaintiffs in this case, and a part thereof sold to Zeno Klinker, one of the plaintiffs in this case."

The cases cited by counsel for appellants all rest upon valid contracts, some of which related to services to be rendered, when the statute did not begin to run against the stockholders of the corporation until the rendition of said services; as in *Johnson* v. *Bank of Lake, supra;* or upon payments of a note by an accommodation indorser as surety for a corporation, in which case a new cause of action accrued in favor of the indorser against the corporation and the stockholders at the time of payment by the indorser, and the liability of the stockholders for reimbursement would not be barred until three years after

date of payment by the indorser, as in *Yule* v. *Bishop, supra; Bridges* v. *Fiske, supra;* or the case of a rescission of a contract of sale of an automobile, when, by reason of the vendor's failure to deliver the automobile, the vendee's right to rescission accrued, wherein it was held: "The stockholder's liability accrues at the inception of the corporation's liability, and it is from that date that the three year period within which the stockholders must be sued commences to run."

The findings show that the suits for the cancellation of stock in the superior court of Los Angeles County were not suits for rescission, but were found to be suits for cancellation. Under section 3412 of the Civil Code those certificates, although invalid and intrinsically worthless, because issued contrary to the provisions of law as found by the court, were written instruments, in respect to which there was a reasonable apprehension that if left outstanding, they might cause injury to the defendant corporation and to the stockholders thereof. They were therefore ordered surrendered and canceled.

The closer and more important question herein is whether or not as to the corporation defendant the action is one for relief on the ground of mistake, wherein the cause would not be barred by subdivision four of section 338 of the Code of Civil Procedure until the lapse of three years after the discovery of the facts constituting the mistake.

It will be observed from the complaint, paragraph VI, *supra,* that it is alleged that the mistake relied upon is alleged to have been the payment of the said $50,000 to the defendant corporation for said stock, "under and by virtue of a mistake of fact, to-wit, under the belief that said stock was valid," and in paragraph VII it is alleged that plaintiffs discovered said mistake on or about the first day of November, 1926, the date on which the judgment canceling the said stock was rendered, and that plaintiffs "were without means of knowing that said stock was worthless and invalid until the filing of said judgment and findings as aforesaid."

It appears to us in view of the findings made a part of the complaint that appellants knew every fact connected with the payment of the money and the issuance of the

invalid stock, including the terms of the permit of the corporation commissioner; and that the only mistake was a mistake of opinion or belief which would make it rather a mistake of law than a mistake of fact.

"A mere naked mistake of law unattended with any such special circumstances as misapprehension, undue influence or misplaced confidence furnishes no ground for the interposition of a court of equity." (*Kenyon* v. *Welty,* 20 Cal. 637, 641 [81 Am. Dec. 137].)

"Averment of mistake in law does not bring a case within the extreme class of mistakes in law from which equity will relieve." (*Kopp* v. *Gunther,* 95 Cal. 63, 74 [30 Pac. 301]; *Goodenow* v. *Ewer,* 16 Cal. 471 [76 Am. Dec. 540]; *Burt* v. *Wilson,* 28 Cal. 632, 638 [87 Am. Dec. 142].)

"Mistake of law, such as the mistake of legal effects of an instrument, contents of which known to party, will not be relieved against." (*Martin* v. *Hemlin,* 18 Mich. 354 [100 Am. Dec. 181].)

In the light of the facts set out in the findings, the trial court may well have held as to the averment of facts concerning the alleged mistake that the complaint as pointed out by general demurrer failed to state facts sufficient to constitute a cause of action.

It seems obvious to us that no facts were stated sufficient to have tolled the statute of limitations so as to have extended the period of limitation longer than three years from the date the liability of the corporation accrued, and if the appellants saw fit after April, 1923, to delay action to protect themselves and thus slept on their rights for more than three years, they have themselves only to blame. Furthermore, they were accorded the privilege by the trial court to amend their complaint, but they did not avail themselves thereof.

Respondents have cited a number of cases wherein the cause of action was based upon alleged fraud and it appears under subdivision four of section 338 that such actions must be determined and be governed by principles of law, which by analogy should also apply to actions grounded on mistake.

They cite among other authorities *Lataillade* v. *Orena,* 91 Cal. 565, 578 [25 Am. St. Rep. 219, 27 Pac. 924, 927], to the effect that "a party seeking to avoid bar of statute on

account of fraud must show he used due diligence to detect it, and if he made any discovery, should state when it was made, what it was, how it was made, and why it was not made sooner; and further, that one will be presumed to have known whatever with reasonable diligence he might have ascertained concerning the fraud of which he complains."

They also cite *Burke* v. *Maguire*, 154 Cal. 456 [98 Pac. 21]; *Victor Oil Co.* v. *Drum*, 184 Cal. 226 [193 Pac. 243]; *People ex rel. Post* v. *San Joaquin Agricultural Assn.*, 151 Cal. 797 [91 Pac. 740]; sec. 19, Civ. Code: "Every person who has had actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact."

For the reasons stated we hold that the trial court's orders sustaining the demurrers to the complaint were correctly made.

The judgment is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.