[Civ. No. 8963. First Appellate District, Division One.—June 1, 1934.]

LOUIS S. STRAUSS et al., Respondents, v. ARTHUR S. BRUCE, as Trustee in Bankruptcy, etc., Appellant.

[Civ. No. 8964. First Appellate District, Division One. — June 1, 1934.]

ARTHUR S. BRUCE, as Trustee in Bankruptcy, etc., Appellant, v. LOUIS S. STRAUSS et al., Respondents.

Walter H. Sprague and Franklin J. Cole for Appellant.

O'Melveny, Tuller & Myers, Pierce Works and Samuel A. Miller for Respondents.

THE COURT.—Walter C. Hartman, one of the defendants above named, in the year 1928 executed to Louis S. Strauss and Edgar L. Strauss, copartners doing business as Strauss Brothers, six promissory notes. Five of the notes contained a provision for the payment of the principal "with interest payable monthly at the rate of one (1) per cent per month from date until paid . . . should the interest not be paid when due it shall thereafter bear like interest as the principal, and at the option of the holder of this note the whole sum of principal and interest shall become immediately due and payable". The sixth provided for such payment "with interest at the rate of twelve per cent per annum from date until paid, interest payable . . . , and if not so paid, to bear the same rate of interest as the principal." Hartman paid interest thereon until January, 1929, when he was adjudicated a bankrupt, and Arthur S. Bruce was appointed trustee of his estate. The trustee also paid certain interest on the notes, the

total amount paid by the maker and his trustee being the sum of $7,591.80. The trustee then brought suit to recover this amount and the further amounts as provided by section 3 of the Usury Act, on the ground that the payments of interest under the provisions of the notes as quoted above were usurious. Strauss Brothers answered, and therewith filed their cross-complaint, asking that the notes be reformed by striking therefrom the above provisions upon the same grounds as set forth in their complaint filed in a separate action, wherein they sought the same relief. As grounds for relief they alleged that the notes were copied by a scrivener from a printed form in general use, and that by a mistake the above provisions were included in the notes executed by Hartman, that the same did not express the intention of the parties, they not having agreed that the interest payments provided therein should bear interest in case of default, and that the provisions were inserted by mutual mistake.

The actions were tried together. The trial court found in accordance with the above allegations, and a decree was entered in each suit that the notes be reformed as prayed. Bruce as trustee has appealed from these judgments.

According to the testimony of all the parties to the instruments and the attorney who drafted the same the provisions in question were inserted by mistake and did not truly express the agreement previously made. This evidence was amply sufficient to support the finding of the trial court.

But appellant claims that the instruments being usurious on their face they cannot be reformed, and that the court erred in its admission of evidence for that purpose and in its conclusion that the usurious provisions should be stricken therefrom. He cites the following cases in support of his contention: *Merced County* v. *Shaffer,* 40 Cal. App. 168 [180 Pac. 342], *Ainsworth* v. *Morrill,* 31 Cal. App. 509 [160 Pac. 1089], and *Martin* v. *Kuchler,* 212 Cal. 536 [299 Pac. 52, 53]. The first mentioned was an action to reform a bail bond, it being alleged that through mutual mistake of the parties it did not express their true intent. The bond did not in form comply with the requirements of the statute nor with the order of the court fixing the amount of bail. It was held that such a bond, being statu-

tory, must conform to the statute and the order of the court, and that if it fails to do so it is not good as a common-law obligation and cannot be reformed. The second was an action by a husband and wife for the reformation and specific performance of a contract made by the husband alone for the sale of certain real property encumbered with a homestead declaration of the wife. It was held to be the policy and purpose of section 1242 of the Civil Code to prevent the destruction or encumbrance of a homestead by either spouse acting alone, and that a purported conveyance or encumbrance not made in strict compliance with the section is invalid and inoperative. The last, *Martin* v. *Kuchler, supra,* was an action to recover usurious interest paid upon a promissory note. The defense was that none of the parties "intended or knew that the note was usurious or in violation of the Usury Act". It was held that their lack of knowledge of the legal effect of the note was no defense. The court said: "There is no pretense that the parties to the said transaction did not fully comprehend and know the terms and conditions of the promissory note which formed the basis of the transaction, and did not understand that it contemplated by its express language the payment of interest at the rate of twelve per cent per annum, payable monthly, upon the principal of the note, and that if said interest was not paid as it thus became due it was to be added to the principal and become a part thereof and bear interest at the same rate." It was not sought to reform the instrument; no inequitable incidents were shown and the writing embodied the contract actually made.

. It has been held that equity will not contravene the positive enactments and requirements of law and defeat its policy by supplying under the guise of amending defective instruments those deficient elements of form without which the agreement is absolutely void even as between the parties to it; nor will it fabricate for contracting parties those essential ingredients of a contract without which in the eye of the law there subsists no valid contract whatever (*Dickinson* v. *Glenney,* 27 Conn. 111; *Oatman* v. *Niemeyer,* 207 Cal. 424, 426 [278 Pac. 1043]). In such cases it has been uniformly held that no ground for equitable

relief is presented (*Kopp* v. *Gunther*, 95 Cal. 63 [30 Pac. 301]; *Klinker* v. *Guarantee Title Co.*, 98 Cal. App. 469 [277 Pac. 177]; *Ottenheimer* v. *Cook*, 57 Tenn. (10 Heisk.) 309). However, in the cases at bar the facts are different and another principle applies.

■ Section 3399 of the Civil Code provides that, when through fraud or the mutual mistake of the parties, or the mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised to express that intention; and where it is shown that due to a mistake of the scrivener a writing does not set forth the true contract which the parties had made, relief by way of reformation may be granted (*Lestrade* v. *Barth*, 19 Cal. 660; *Tarke* v. *Bingham*, 123 Cal. 163 [55 Pac. 759]; *San Jose Ranch Co.* v. *San Jose L. & W. Co.*, 132 Cal. 582 [64 Pac. 1097]; *Oatman* v. *Niemeyer*, *supra*; *Mortara* v. *Rizzi*, 104 Cal. App. 420 [285 Pac. 1071]); where such is the case and through an honest mistake in drafting the instrument a usurious provision is inserted therein which is contrary to the agreement and true intent of the parties, the right to relief by a revision thereof has frequently been recognized both in law and equity. (*Norris* v. *W. C. Belcher Land Mortgage Co.*, 98 Tex. 176, 192 [82 S. W. 500, 83 S. W. 799]; *Goodale* v. *Wallace*, 19 S. D. 405 [103 N. W. 651, 117 Am. St. Rep. 962, 9 Ann. Cas. 545]; *Ward* v. *Anderberg*, 31 Minn. 304 [17 N. W. 630]; *Long* v. *Greene County etc. Co.*, 252 Mo. 158 [158 S. W. 305]; *Wheeler* v. *Meray*, Bail. Eq. (S. C.) 507; 29 Am. & Eng. Ency. of Law, 2d ed., 463. See, also, Williston on Contracts, sec. 1599.)

■ The mere failure of the parties to read the instrument with sufficient attention to perceive the mistake will not prevent reformation (*Los Angeles etc. R. Co.* v. *New Liverpool Salt Co.*, 150 Cal. 21 [87 Pac. 1029]); nor is the jurisdiction of equity to correct errors in contracts caused by mutual mistake suspended by the bankruptcy law. (*Zartman* v. *First Nat. Bank*, 216 U. S. 134 [30 Sup. Ct. 368, 54 L. Ed. 418].) The relief asked was properly given, and the record discloses nothing which would justify a reversal of either judgment.

The judgments appealed from are affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 30, 1934.