## MODE O'DAY CORPORATION v. ROGAN, Collector of Internal Revenue.

### No. 173-Y.

·District Court, S. D. California, Central Division.

April 10, 1940.

Joseph D. Peeler and Melvin D. Wilson, both of Los Angeles, Cal., for plaintiff.

Ben Harrison, U. S. Atty., and E. H. Mitchell and Armond Monroe Jewell, Asst.

U. S. Attys., all of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The sole issue involved is whether the plaintiff, a California corporation, was "doing business" between June 15, 1936, and June 30, 1936, so as to subject it to excise tax. Revenue Act of 1935, Sec. 105, Revenue Act of 1936, Sec. 401, 26 U.S.C.A. Int.Rev.Acts, page 798.

While the skeleton organization of the corporation was completed on June 17, 1936, with the filing of its articles of incorporation and a selection of temporary officers, the object of the corporation was the acquisition of the assets of four existing corporations, engaged in the manufacture and sale of wearing apparel.

The acquisition was to be paid for by stock to be issued, when the permission of the Commissioner of Corporations of California shall have been obtained. The value of the assets was to be determined by an audit as of June 30, 1936. This was also fixed as the date of transfer.

The agreement of June 23, 1936, for the acquisition of the properties was contingent on securing the permit of the Commissioner to issue stock in payment for them.

It did not contemplate an acquisition through the payment of cash.

█ I am of the view that these activities do not constitute "doing business". See: Mason v. United States, D.C.Mass. 1928, 27 F.2d 1013; Colorado Fuel & Iron Corporation v. Nicholas, D.C.Colo.1939, 28 F.Supp. 448; and see my opinion In re Owl Drug Co., D.C.Nev.1937, 21 F.Supp. 907, interpreting the kindred words "operating the business or property" of a corporation. Rev.Act of 1934, Sec. 52, 26 U.S.C.A. Int.Rev.Acts, page 683.

The Government relies on Associated Furniture Corporation v. United States, Ct.Cl.1930, 44 F.2d 78. But that decision does not command a different conclusion.

There, in addition to the transfer of stock, authorized to be issued *at the will of the officers,* contracts of employment were entered into for carrying on the business to be acquired. More, the corporation was a Delaware corporation, *and no official authorization was needed to issue the stock.*

Such authorization was obligatory for the California corporation here involved, for without the permit of the Commission-

er of Corporations of California, it could not issue valid stock. Nor could any agreement for the sale or exchange of the stock be enforced. California Corporate Securities Act, Sections 3, 16, Deering's General Laws, Act 3814. And see: Klinker v. Guarantee Title Co., 1929, 98 Cal.App. 469, 277 P. 177; Castle v. Acme Ice Cream Co., 1929, 101 Cal.App. 94, 281 P. 396; Live Oak Cemetery Ass'n v. Adamson, 1930, 106 Cal.App.,Supp., 783, 288 P. 29; Duntley v. Kagarise, 1935, 10 Cal.App.2d 394, 52 P.2d 560; El Claro Oil & Gas Co. v. Daugherty, 1936, 11 Cal.App.2d 274, 53 P.2d 1028, 55 P. 2d 488; First Nat. Bank v. Thompson, 1931, 212 Cal. 388, 298 P. 808; Kahle v. Stephens, 1931, 214 Cal. 89, 4 P.2d 145; Walker v. Harbor Realty Development Corporation, 1931, 214 Cal. 46, 3 P.2d 557; Regan v. Albin, 1933, 219 Cal. 357, 26 P.2d 475. See comment, 7 So.Cal.Law Review, 233; Commercial Bldg. Co. v. Levy, 1930, 108 Cal. App. 54, 290 P. 1048; Commercial Bldg. Co. v. Summers, 1931, 117 Cal.App. 428, 3 P.2d 1033; Herkner v. Rubin, 1932, 126 Cal.App. 677, 14 P.2d 1043.

The sale or transfer of stock, whether for money or property, should be considered what it actually is,—a preliminary step in the organization of a corporation. Unless, of course, the sale of stock is the corporation's business. See Capital Stock Regulations, Article 43(b) (1) of Regulation 64. The business of the corporation is what it is organized to do and actually does. If it is not doing the things it is organized to do, but is waiting for a contingency which would make it possible to do them, it is not transacting its business so as to be subject to the excise tax. And this is true although the corporation, during this period of business inanition, may be husbanding its resources and receiving some incidental benefits. See: Harmar Coal Co. v. Heiner, 3 Cir., 1929, 34 F.2d 725; Clallam Lbr. Co. v. United States, D.C.Mich.1927, 34 F.2d 944; United States v. Hotchkiss Redwood Co., 9 Cir.1928, 25 F.2d 958; Edwards v. Chile Copper Co., 1926, 270 U.S. 452, 46 S. Ct. 345, 70 L.Ed. 678; Eaton v. Phœnix Securities Co., 2 Cir.1927, 22 F.2d 497; Rose v. Nunnally Inv. Co., 5 Cir.1927, 22 F.2d 102; New Haven Securities Co. v. Bitgood, 2 Cir.1937, 87 F.2d 759.

Here, the corporation could not and did not do any business until it acquired the wearing apparel business of the four corporations. To consolidate these four establishments and to conduct their business as one, was the object for which the new corporation was organized. The steps toward their acquisition were preliminary only.

In the light of what precedes, I am of the view that the plaintiff corporation was not doing business between June 15, 1936, and June 30, 1936. Its claim of exemption from the excise tax should have been allowed.

It is entitled to recover the tax paid,— $2,414.46,—with interest at six per cent per annum from June 10, 1937.

Judgment accordingly.