## ONE LIBERTY STREET REALTY & SECURITIES CORPORATION v. BOWERS, Collector of Internal Revenue.

(District Court, S. D. New York. August 28, 1925.)

**Internal revenue ☞9—Fact that fair value of capital. stock throughout year was not the same as on June 30 to be considered in assessing capital stock tax.**

Under Revenue Acts of 1918 and 1921, making "fair average value" of corporation's stock "for preceding year" ending June 30th basis of capital stock tax, fact that fair value of stock throughout such year was not the same, nor as much, as on June 30th, is a relevant fact to be considered in assessing the tax.

At Law. Action by One Liberty Street Realty & Securities Corporation against Frank K. Bowers, Collector of Internal Revenue. On motion to dismiss complaint. Motion denied.

Shearman & Sterling, of New York City, for plaintiff.

Emery R. Buckner, of New York City, for defendant.

BONDY, District Judge. The Revenue Acts of 1918 and 1921 (40 Stat. 1057, 42 Stat. 227) make the fair average value of a corporation's capital stock for the preceding year ending June 30th the basis of the capital stock tax.

Treasury Department Regulation 64, art. 14, provides that, if a corporation begins business within the preceding year or increases or decreases its capital stock within the preceding year, thereby materially changing the fair value of the capital stock, the tax is measured by the fair value of the capital stock outstanding at the date of incidence of the tax (June 30th).

The forms for the return provide for a statement of the condensed balance sheet showing the book value and fair value of the assets and liabilities of the corporation and of the capital stock of the corporation based thereon, and a statement of sales prices of shares of stock and of the value of the capital stock based thereon and a statement of the annual income of the corporation and a valuation of the capital stock based thereon.

The United States attorney contends that the Commissioner fixed the fair average value of plaintiff's capital stock after taking into consideration all information given by the plaintiff in its return. It, however, is apparent that the Commissioner measured the value of the capital stock for the purpose of the tax in accordance with the Treasury Regulations by taking into consideration only its value on June 30th, and without taking into consideration any average and without taking into consideration the substantial increases made in the capital stock of the plaintiff at different times during the preceding year. The fact that the fair value of the capital stock throughout the preceding year was not the same, nor as much as on June 30th, was a relevant fact, and should have been taken into consideration in appraising the fair average value of capital stock for the preceding year, ending June 30th.

Had Congress intended that the tax should be based on the fair. value of capital stock on June 30th, it may be assumed that Congress would have omitted the words "average" and "for the preceding year," and would have stated simply that the tax should be based on the fair value of the capital stock on June 30th of each year. Had it not intended that there should be an actual averaging of values of such capital stock during the preceding year, it would not have used the word "average" in addition to the word "fair." The construction given to the law by the Treasury Department, and the action of the Commissioner thereunder, entirely disregarded the use of the words "average" and "for the preceding year" by Congress.

It may be noted that the special excise tax on foreign corporations is based on the average amount of capital employed in the transaction of their business in the United States during the preceding year ending June 30th, and that the Treasury Regulations, art. 27, provide: "The measure of the tax is the average amount of capital employed in the transaction of business in the United States during the preceding fiscal year. It will usually be sufficient to determine the amount of capital so employed at the beginning of each year and the amount so employed at the end of such year, and to divide the sums of such amounts by two. Where, however, there have been material changes in the amount of capital, the average amount should be determined with due regard to the times at which such changes occurred. A foreign corporation may, if it so desires, compute the average amount of capital employed on a monthly basis."

Without deciding on this motion how the Commissioner should determine the fair average value, it is sufficient to say that it is not a compliance with the statute to hold that the fair average value of the capital stock of corporations for the preceding year

ending June 30th is, in cases in which the value of the stock has been increased or decreased during such year, the same as its fair value on June 30th of that year.

The motion to dismiss the complaint therefore is denied.