Moss, Judge,
delivered the opinion of the court:
The facts in this case are stipulated by the parties, and may briefly be stated as follows:
Plaintiff was incorporated in March, 1925, with an authorized capital stock of $2,000,000. It had no assets, and was not engaged in business prior to June 1, 1925. On that date plaintiff acquired certain salmon-canning plants of the value of $2,000,000, in payment of the total authorized issue of 20,000 shares of the stock in plaintiff company. On July 24, 1925, plaintiff filed its capital-stock tax return for the taxable period July 1,1925, to June 30; 1926, showing, among other facts, the fair value of the capital stock of plaintiff *717 on June 30, 1925, to be $2,000,000, and paid the tax shown to be due by said return amounting to $1,995. Plaintiff thereafter filed a claim for the refund of $1,864 of this amount on the ground that inasmuch as plaintiff was engaged in business only for the month of June in the year 1925 the fair value of the stock should have been computed by taking one-twelfth of the value of same, which method would result in a tax liability of only $131. The claim was rejected, and this action is brought for the recovery of said sum, $1,864.
The tax in question, known as the capital-stock tax, is imposed by section 700 (a) of the revenue act of 1924, 43 St-at. 325, which reads as follows:
“ On and after July 1, 1924, in lieu of the tax imposed by section 1000 of the revenue act of 1921—
“(1) Every domestic corporation shall pay annually a special excise tax with respect to carrying on or doing business, equivalent to $1 for each $1,000 of so much of the fair average value of its capital stock for the preceding year ending June 30 as is in excess of $5,000. In estimating the value of capital stock the surplus and undivided profits shall be included;
«(2) * * *
“(b) The taxes imposed by this section shall not apply in any year to any corporation which was not engaged in business * * * during the preceding year ending June 30, * *°
The capital-stock tax is an excise tax imposed on a corporation for the privilege of doing business. It is assessed and collected a/n/nually for the privilege of doing business in the following year, and the tax is measured by values relating to the preceding year. Regulations 64 (1924 edition), article 14 as amended by Treasury Decision 3771, contains the clear and pertinent statement: “The tax is measured by the fair average value of the capital stock of the corporation for the year ending June 30 preceding the taxable period. A corporation in existence less than a year on July 1 of the taxable period will be permitted to consider values only during that portion of the year it was m existence.” (Our italics.) In the present case the corporation was in existence only for the month of June in the year preceding the taxable period. There was no change whatever in the value of the stock from June 1 to June 30, 1925. Where there is no change in value, *718 there is no occasion for determining the “ fair average value.” It is only in case of an increase or a decrease in value that the term used in the statute, “ fair average value,” has any importance. The regulation above cited contains the statement : “A corporation in existence less than a full year will coverage the shares outstanding from the date of its incorporation to June 30 following. (Our italics.) Again, it is suggested that it is not possible to apply the rule of the average mentioned in this regulation to a value which has neither been increased nor decreased during the period under consideration, to wit, during the month of June, 1925. It must be borne in mind that the sole purpose of ascertaining the value for the preceding year is to obtain a measure for the computation of the tax for the coming year. The case relied on by plaintiff, One Liberty Street Realty & Securities Corporation v. Bowers, 8 Fed. (2d) 278, has no application to the question involved here. In that case the value of the capital stock was enhanced by substantial increases. The court held, in substance, that the fair value of the capital stock was not the same throughout the year, and that the commissioner should have considered that fact in ascertaining the fair average vahoe of the stock for the preceding year. Plaintiff is not entitled to recover, and the petition will be dismissed.
SiNNOtt, Judge; Green, Judge; Graham, Judge; and Booth, Chief Justice, concur.